WHITE vs. TODD & TODD.

A. having mortgaged land to B., conveys the same to C.; after the sale to C., A. conveys the land to B., and B. enters satisfaction of the mortgage. Held, that the legal estate vested . in A. by the satisfaction of the mortgage, reverts to and vests in C, the first purchaser ;— and that although B. was mortgagee, and in consideration of the deed from A., released to A. his mortgage, B. can get no precedence, but the legal title will be in C

ERROR to Boone Circuit Court.

KIRTLEY, *for Plaintiff in Error, contends :*

That the deed of Glasgow and the mortgage of Morris of the 8th March, 1837, are to be taken and considered as one contract, and that the subsequent conveyances are but continuances of the same contract, and that the legal title to the land in controversy, from the evidence given and *offered,* was continuously in Glasgow, and never out of him until his sale to White,—and for authority : see 18th Pick. Rep. 543. Lovering vs. Fogg, 7th Mon. Rep. Stone vs. Phelps, 635. 3 J. J. Marsh, 354. Edrington vs. Harper, 2 Mars. 596. 3 do. 478, at 1 Pirt. p. 148, §34.

TODD, *for Defendants in Error:*

1. The plaintiff saves no exception to the rejection of any evidence offered by him, and without exception saved, can have no benefit in this Court. 7 Mo. R. 419. 8th ibid. 136, 224.

2. But if rightly excepted to, the testimony was legally rejected, for 1st. The mortgage deeds are no evidence of title in ejectment, but against mortgagor, or one holding under him by the deed. 2 Bibb, 129. 5 Litt. 321. 10 J. R. 381. 2 Johns. Rep. 221. 4 Wend. 369. 8 Cow. 543. 7 J. R. 278. 2ndly. Easly, and those under him, hold by deed, and their possession is adverse to Glasgow and Morris. 4 Litt. 474. 2 Mars. 27. And, 3rdly. The mortgage deeds were null and void, and all title under them destroyed by satisfaction. 1 Cow. 268. 9 Wend. 511. 6 J. R. 257. And, 4thly, The parol evidence is inadmissible to explain the consideration or covenants in the absolute deeds of May, 1844, and to have relation to such mortgages; such relation can only exist by foreclosure, and sale under it. 5 J. C. R. 35, 214. 6 do. 393, 417. 2 Bibb, 246. 1 Peters, 1. And, 5thly. The absolute deeds of May and September, 1844, from Morris to Glasgow, are younger than that under which defendants claim, and a younger legal title must fail in ejectment against an elder. 2 Bibb, 129. 5 Litt. 321. 2 Johns. Rep. 225. And, 6thly. No equitable lien or mortgage is available in a suit at law to invalidate an elder legal title and postpone it to a younger. 2 Bibb, 628. 4 Wend. 369. 1 J. C. 114. 12 J. R. 418. 2 J. R. 221. 8 J. R. 487. 3 do. 422. 2 J. C. 321.

4. The instruction was rightly given; for those deeds show an outstanding title effectual at law against Glasgow, and any claiming under him. 1 Mars. 251. 2 Litt. 160. 3 do. 36. 9 Cow. 86.

McBRIDE, J., *delivered the opinion of the Court.*

This was an action of ejectment brought in the Boone Circuit Court to the April Term, 1845, to recover a tract of land—plea, not guilty; issue and trial had at the August Term, 1845, when the jury returned a verdict for the defendants; whereupon, the plaintiff filed his motion for a new trial, for the reasons:—

1st. The Court excluded legal evidence offered by the plaintiff.

2nd. The Court misdirected the jury.

3rd. The Court gave the jury improper and illegal instructions on the motion of the defendants.

4th. The verdict is against the law and the evidence.

Which having been overruled by the Court, the plaintiff excepted, and has brought the case here by writ of error. The bill of exceptions shows that on the trial, the plaintiff to support his action, read in evidence, a patent from the President of the United States to Nathan Glasgow, for the land in controversy. Then a deed from Nathan Glasgow and wife to Mt. Ætna Morris, for the same land, dated the 8th March, 1837. Then a deed from Morris and wife to Glasgow, dated 4th May, 1844, for the same land. Also, another deed from Morris and wife to

Glasgow, confirmatory of the previous deed, and intended to convey the wife's dower, dated 23rd September, 1844. These several deeds were read without objection on the part of the defendants.

The plaintiff also offered to read in evidence to the jury, a mortgage made by Morris and wife to Glasgow, dated 8th March, 1837. Also, a mortgage from Morris and wife to Glasgow, dated 15th May, 1838. Thereupon the defendant's counsel read to the Court, the acknowledgement of satisfaction made on the record by Glasgow, on the mortgage of the 8th March, 1837, dated 21st January, 1839, and on the mortgage of the 15th March, 1838, dated 1st January, 1845,—and then moved the Court to exclude said two mortgage deeds from the jury, for the reason that they were satisfied and discharged, and afforded no evidence of any legal title in the plaintiff. To support the deeds the plaintiff offered to prove by the Clerk of the Court that he drew the said deeds of mortgage, and made the said endorsements of satisfaction thereon, and that the true and only consideration of said acknowledgements of satisfaction, on the record of said mortgage deeds, was the deeds from Morris and wife to Glasgow, re-conveying the same land to secure the payment of the purchase money of which said mortgages were given by Morris to Glasgow. To this parol evidence, the defendant's counsel also objected, and the Court sustained the objection, and excluded said evidence from the jury, as likewise the said two deeds of mortgage.

The bill of exceptions does not show that the plaintiff, White, has any title, although it is stated in the brief of the counsel on both sides, that he holds by deed from Glasgow. Here the plaintiff closed his evidence.

The defendants then offered and read in evidence, without objection, a deed from Morris and wife to John Easley, of 5th February, 1839. A deed from Easley to W. W. Bryan, dated 24th May, 1842. A power of attorney from Bryan to N. W. Wilson, with power to sell and convey, dated 15th January, 1843. A deed from Wilson to R. S. Barr, dated 6th April, 1843. A deed from Barr to R. S. Todd, dated 6th November, 1844, in trust for the wife and children of Samuel B. Todd. It was admitted by plaintiff that the several vendees took and held possession of the land in controversy, under their deeds respectively.

This being all of the evidence given by the parties, the defendants moved the Court to instruct the jury as follows:—

"That if the jury believe that the deeds given in evidence by defendants of Glasgow and wife to Morris, of 8th March, 1837, and from Morris and wife to Easley, were executed by the parties respectively, they will find for the defendants."

To the giving of which, the plaintiff objected, but his objection being by the Court overruled, and the instruction given, he excepted.

To a more ready understanding of the subject, it will not be amiss to present a condensed statement of the several transfers, in their order as to date :—Glasgow sold and conveyed by deed to Morris on the 8th March, 1837. On the same day Morris mortgaged the premises to Glasgow. On the 15th May, 1838, Morris again mortgaged to Glasgow. On the 21st January, 1839, Glasgow entered satisfaction on the first mortgage. On the 5th February, 1839, Morris conveyed by deed to Easley. On the 4th May, 1844, Morris conveyed by deed to Glasgow. On the 1st January, 1845, Glasgow entered satisfaction on the second mortgage.

It is thus seen, that when Easley purchased and received a conveyance from Morris, that Morris had nothing but an equity to convey, having previously mortgaged the premises to Glasgow, and the mortgage then remaining unsatisfied on the record. How could Easley, under this state of the transaction, have acquired the legal title ? Only, I apprehend, by paying off and discharging the mortgage debt. But he does not do so ; and before the mortgage is satisfied, Morris conveyed by deed to Glasgow. What title did Glasgow acquire under the deed ? If the deed to Easley had been a mortgage, then he would have taken the property subject to the equity of Easley ; and if the mortgage to himself had been given to John Doe, then he would unquestionably have taken the estate charged with both equities. But it is said that the legal title is in Glasgow, under the mortgage—that is perhaps true, but then he was afterwards divested of the title thus acquired by his acknowledging satisfaction on the mortgage.

The plaintiff who claims title under Glasgow, does not insist on the title derived under the mortgage deed, but under the absolute conveyance by Morris to Glasgow. This conveyance is subsequent in date to the conveyance of Morris to Easley, under whom the defendants claim title. Both the title of Glasgow and Easley were dependent on the mortgage, and when that was satisfied, the legal title which reverted to Morris, enured to the benefit of Easley the first alienee under Morris. R. C. p. 753, 219.

We do not regard Glasgow as being in any better condition by reason of his being mortgagee, than if a third person sustained that relation, and had entered the satisfaction on the mortgage.

If Glasgow could derive no advantage from his relation of mortgagee, then the evidence of the Clerk, by which it was attempted to link

together the two titles in him, and which was rejected by the Court, was wholly immaterial, and it was not error in the Circuit Court to exclude it.

If the view we have taken of the case be correct, it results that the Court did not err in the instruction given, and the other Judges concurring herein, the judgment of the Circuit Court is affirmed.