THOMAS LEITENSDORFER, Appellant, v. JACQUES GOEBEL, Respondent.

1. A certificate of confirmation by the first board of commissioners vested title only in the party in whose name the certificate issued; but where the confirmee had, previously to the issuing of the certificate, made a deed for part of the land, retaining a mortgage to secure the payment of the purchase money, and, after the issuing of the certificate, upon the margin of the original deed and archive acknowledged to have received full satisfaction and payment of the mortgage, such acknowledgment was equivalent to a re-execution of the deed as of that date, and vested the title acquired by the confirmation in the purchaser.

*Appeal from St. Louis Land Court.*

For statement of case, see opinion.

*Casselberry*, for appellant.

I. The title under which defendant claims was never confirmed by the United States, and is consequently null and void. (2 Pet. 243; 12 Pet. 511; 4 How. 461; 9 How. 209; 16 How. 48; West v. Cochran, 17 How. 414; Chouteau v. Eckert, 2 How. 375; Le Bois v. Brammel, 4 How. 464; 3 How. 773.) The after-acquired title of Chouquette did not enure to the benefit of his grantee. (Norcum v. Gaty, 19 Mo. 65; 19 Mo. 546; 10 How. 370; 12 Mo. 254.) The acknowledgment of payment by Chouquette in 1814 places the defendant in no better position than the same statement in writing would have done if it had been made in 1801.

*S. T. & A. D. Glover*, for respondent.

I. The land transferred to Lacombe, March 6, 1801, was not his until paid for, and, as he had only a possible interest, he was not entitled to seek a confirmation; and the claim of Lacombe was for only a part of the claim of Chouquette.

II. The confirmation was only a release of the title of the United States.

III. The warranty in the deed of Chouquette estops him from setting up his confirmation against Lacombe and his assigns. (2 Mor. & Carl. Part. 682, law 32. We suppose the Civil Law to be the common law of Continental Europe, and of course of Spain, till it is shown that it was altered by the Cortes (1 Kent, 514) or decrees of the Spanish monarchs. See, then, 1 Domat, p. 57, Pt. III. of sec. 2, showing that a warranty is a consequence of every sale. (See Stoddard v. Chambers, 2 How. 316.)

IV. The entry of satisfaction on the act of sale by Chouquette on January 13, 1814, is tantamount to a conveyance to Lacombe of that date. That an oral sale of land was good

at that time, see Allen v. Moss, 27 Mo. 354, 360. No writing was required till the act of January, 1816.—10 Mo. 260.

BATES, Judge, delivered the opinion of the court.

A tract of land was confirmed to Julian Chouquette by the first board of commissioners on the 25th day of June, 1810, and a patent was issued to him on the 1st day of March, 1823. The notice of his claim before the board was dated June 27, 1808. Chouquette died in 1830, and the plaintiff is his representative, and as such brought suit against the defendant Goebel for the possession of a portion of the land. At the trial, the defendant gave in evidence archive No. 932, which, being in Spanish, is translated as follows:

"In the town of St. Louis, of Illinois, on the 6th day in the month of March, in the year 1801, for want of a public notary in the said town, before me, Don Carlos Dehault Delassus, lieutenant colonel of the royal armies and lieutenant governor of this Upper Louisiana, and in the presence of the assisting witnesses Peter Lofillard and Joseph Hortiz, was personally present Julian Chouquette, residing in the town of Carondelet of this jurisdiction, who, by these presents, declares and confesses to have this day sold, ceded, conveyed, and abandoned, now and forever, and promises to make, to enjoy, and to preserve from all debts, claims, mortgages, evictions, substitutions, and all impediments whatever generally, unto Francis Lacombe, an inhabitant of the same town here present, who stipulates, accepts, and acquires, for himself, his heirs, or others representing his rights, a tract of one hundred and seventy-one arpens of land fronting the river Mississippi, about thirteen arpens to the south by about sixteen arpens in depth at the north, following the rives Des Pères; the said land being situated one mile and a half south of the town of Carondelet, and which the said vendor had by concession on the 30th of July, 1795, and was surveyed and bounded on the 13th April, 1798, as appears from the certifi-

cate issued by the captain of militia and surveyor, Antoine Soulard. The said land has been cultivated for ten years by the said vendor, and the said purchaser has seen the same, and declared to be satisfied and contented therewith, without reserve, acquiring it in conformity with law for the price and sum of one hundred dollars, payable during the whole month of October in this year in current coin of this country, and one hundred bushels of wheat, payable during the whole month of October, 1802 ; and until perfect payment the said land remains mortgaged, and the said Lacombe, the acquirer, has no right to sell or alienate the said land until the mortgage is satisfied, under the penalty of this sale being null and void, and the payment of all costs that might be occasioned thereby: for this they have covenanted and agreed upon, promising, &c., binding themselves, &c. Done and passed in this government hall, in the presence of the aforesaid assisting witnesses, who have signed with me, the aforesaid lieutenant governor, as well as the parties, with the exception of the vendor, who, not knowing how to write, has made a cross after reading being made, on the same day and in the same month and year as above.      CARLOS DEHAULT DELASSUS,
FRANCIS LACOMBE,
Mark of JULIAN X CHOUQUETTE.

JOSEPH HORTIZ,
PETER LOFILLARD." }

Upon the margin of that archive, and given in evidence with it, was this entry :

" I acknowledge and confess to have received full satisfaction and payment of the within mortgage, and of the sum of money due thereon, this 13th day of January, 1814, as witness my hand and seal.                            his
JULIAN X CHOUQUETTE. · [L. S.]
Teste—GEO. J. HOWELL,            mark.
CHARLES LUCAS."

The defendant claims a right to possess the land as the representative of Francis Lacombe. The St. Louis land

court, in which the cause was tried, refused the instructions to the jury which were asked by the plaintiff, to the effect that the archive, given in evidence and entry on the margin of it, constituted no valid defence against the claim of the plaintiff.

Undoubtedly the archive alone would have been no bar to the plaintiff's claim, because the confirmation to Chouquette has vested the title in him alone. It remains to inquire as to the effect of the entry on the margin of the archive. The territorial law then authorized a mortgagee to acknowledge satisfaction of a mortgage by an entry on the margin of record of it. It is obvious that in this case Chouquette attempted to do it by an entry on the archive itself. This act of Chouquette, executed with formality, attested by two witnesses attached to his deed, and referring to the mortgage contained in it, can not be treated as a mere receipt for so much money. It has some reference to the land described in the deed. It must have been intended to effect a release of the mortgage, for it expresses that he has received "full satisfaction and payment of the within mortgage." It does not state from whom the payment was received; but the receipt must have been from or on account of the owner of the land, and it would be absurdity in that case to suppose that he himself was the owner, paying himself and acknowledging the payment by himself to himself. He recognizes some other person as owner, and that person is necessarily Lacombe or his representative. At that moment he could not have claimed to own the land himself, the price of which he was then receiving, and surely the lapse of time can give no better right to his representatives. The effect of his act was the same as if he re-executed his deed, and now constitutes a good defence to the plaintiff's suit. The land court properly refused the instructions prayed by plaintiff.

The other judges concurring, judgment affirmed.