G. D. Burgess, Respondent, *vs.* Marion Cave, Appellant.

1. *Judgments, assignment of—Statute—Equitable title.*—The statutory mode of assigning judgments is cumulative, and does not prevent a party from making an equitable assignment in any other lawful way.

2. *Judgments, assignment of—Execution.—Sheriff, notice of assignment.*—If a sheriff with an execution in his hands, receives notice of the assignment of the judgment, he must hold the money when collected, for the use of the assignee.

3. *Judgments, assignment of—Husband and Wife—Power of disposition.*—The husband is the proper party to receive payment of a judgment in favor of himself and wife, or the money may be paid to the sheriff to be applied by him in favor of the husband's execution-creditor.

4. *Sheriff—Execution, return of—Liability for interest—Demand*—A sheriff is not liable for interest upon the return of an execution, until a demand is made on him.

*Appeal from Linn County Court of Common Pleas.*

*A. W. Mullins,* for Appellant.

*G. D. Burgess,* for Respondent.

I. The assignment passed no title to, the Respondent. It was not made on, nor was it attached to the record of the judgment., (1 W. S., p. 794, § 34; Baker vs. Stonebreaker, 34 Mo., 176.) nor was it attested by the clerk.

Adams, Judge, delivered the opinion of the court.

The defendant as sheriff of Linn County had in his hands and directed to him, an execution in favor of James M. Pendleton and Susan Pendleton, his wife, vs. George W. Easley, and at the same time, an execution in favor of Hayden and Wilson vs. James M. Pendleton. Easley, the defendant in one of the executions, paid the amount due from him, to the sheriff on the execution of James M. Pendleton and Susan Pendleton, his wife, vs. George W. Easley.

The execution against Easley was dated the 7th day of November, 1869, and on the 12th day of November, 1869, the said Pendleton and wife, for value received and in good faith, assigned to the plaintiff their judgment against Easley, which assignment was in writing on a separate paper, but attached to the record of the judgment and attested by the clerk of the court.

The evidence showed that the note on which the judgment against Easley was rendered was given to Pendleton's wife at the request of Pendleton, and that the wife had no connection with the transaction in which the note was given. The evidence strongly tended to show that the plaintiff notified the defendant (sheriff) before the payment by Easley, that he was the owner of the judgment of Pendleton and wife vs. Easley, and that the judgment had been assigned to him.

The defendant (sheriff) instead of holding the money that was paid by Easley for the plaintiff, who was assignee of the judgment against Easley, applied it to the payment of Hayden and Wilson's judgment against Pendleton.

The statutory mode of assigning judgments (1 W. S., 794, § 34,) is cumulative and does not prevent a party from making an equitable assignment in any other lawful way. When it is made under the statute before the execution is issued, it becomes the duty of the clerk when he issues an execution to indorse it for the use of the assignee. The execution in this case was already in the hands of the sheriff when the assignment was made, and could not be so indorsed. But the notice by the assignee of his ownership of the judgment was sufficient to require the sheriff to hold the money for his use; after such notice he had no authority to apply it to the execution of Hayden and Wilson vs. Pendleton.

It may be conceded that the transfer was not complete as to the debtor, without notice to him, and that before notice he would have the right to pay the debt to his creditor or to the sheriff under the statute, on the other execution.

But as the sheriff himself was notified of the assignment when the money was tendered and paid by Easley to him, he could only receive and hold it for the benefit of the assignee. The money became a trust fund in the hands of the sheriff, and it was his plain duty to pay it to the assignee. The only material question was one of notice by the assignee to the sheriff of his ownership of the judgment. Whether the sheriff was so notified, was a question of fact to be found by the jury or the court sitting as a jury. The finding and judg-

ment was for plaintiff, but the case was not properly presented by the instructions, and must be sent back to be tried again.

The instruction numbered two, given for plaintiff, ignored the question of notice entirely, and also required that interest should be allowed from the return of the execution. This instruction seems to be predicated upon the erroneous idea, that because the judgment was in favor of both husband and wife, the debtor could not pay it on an execution against the husband alone, and that such payment would be illegal whether there was notice of the assignment or not. There is no pretense that the debt belonged to the wife for her separate use. As the judgment was in the name of both, as long as the husband lived he was the proper party to receive payment, and it might therefore be paid by paying it to his execution creditor, or rather to the sheriff for that purpose.

This instruction therefore was erroneous in not presenting the main issue, the question of notice of the assignment.

It was also erroneous in demanding interest from the return of the execution. A sheriff is not liable for interest in such case till a demand is made for the money.

I see no objection to the third instruction which was given. It properly declared the law to be that the assignment by Pendleton and wife transferred their interest in the judgment to the plaintiff.

Instruction number six, given for plaintiff, is manifestly erroneous. It emphatically presents in substance the same proposition declared by instruction two.

Instruction number seven given for plaintiff, presents a question entirely outside of the issues; and bases the plaintiff's right of recovery upon the ground that this debt was exempt from execution, because Pendleton was the head of a family, and had a right to elect debts in lieu of other property to the amount of three hundred dollars as exempt from execution. It is unnecessary to pass upon the point whether this right of exemption could be transferred or not. Conceding that it could, the plaintiff does not claim by virtue of such transfer, and is not entitled to recover on any such ground.

Instruction number three, given for defendant, is also erro-
neous because it assumes that the judgment could not be as-
signed so as to pass the title and render the defendant liable,
although he received the money with full notice, unless such
assignment was made in accordance with the directions of the
statute. This error however is no ground for reversal, be-
cause the judgment is not complained of by the plaintiff
against whom the error was committed, and is only noticed
now that the same error cannot be committed on a re-trial of
the case.

I see no objection to instruction number one asked by the de-
fendant and refused by the court. That instruction in substance
declared the law to be that if the sheriff, without any notice of
the assignment to the plaintiff, received the money from Easley
in payment of Hayden and Wilson's judgment against Pen-
dleton, then he is not liable to the plaintiff.

For the errors here noticed, the judgment will be reversed
and the cause remanded. The other judges concur.