EMORY *et al., Appellants*, v. JOICE.

| 70 | 537 |
| 68a | 334 |
| 70 | 537 |
| 99a | 1544 |

1. **Parol Evidence**: RECORD ENTRY. Parol evidence is admissible to explain whether an ambiguous marginal entry upon the record of a judgment is an assignment or a satisfaction.

2. **Principal and Agent**: ASSIGNMENT OF JUDGMENT. An assignment of a judgment made on the margin of the record by an agent, in his own name, but by authority of the principal, is good to pass the equitable title at least.

3. **Assignment of Judgment**: EXECUTION. Irregularity or invalidity in the assignment of a judgment will not impair the title of a purchaser at a sale under execution issued on the order of the assignee.

4. ——— : NATIONAL BANKS. A National bank has power to assign a judgment in its own favor.

*Appeal from Phelps Circuit Court.*—HON. V. B. HILL, Judge.

REVERSED.

*L. F. Parker* for appellants.

HOUGH, J.—This cause was heard upon a supplemental petition which states that on the 5th day of August, 1873,

the National Bank of Rolla recovered a judgment against Wm. Joice, G. W. Brown and Leftridge Joice, in the circuit court of Phelps county, for the sum of $1,095.14, which was bought by and duly assigned to the plaintiff; that on the 26th day of August, 1873, E. T. Merrick and W. W. Stickney recovered a judgment against Wm. Joice and Peter Christie for $90 in the circuit court of Phelps county, on which judgment, on the 19th day of January, 1876, an execution issued, under which the sheriff seized and sold, as the property of said Wm. Joice and Peter Christie, the real estate in controversy. The petition further states that at said sale C. C. Bland became the purchaser of said real estate for the use and benefit of the defendant, Leftridge Joice, and paid for the same with money belonging to and furnished by the said Joice for that purpose, and received a deed therefor; that said Joice then was and ever since has been insolvent, and that he procured the said Bland to buy said land and take a deed therefor in his own name, for the purpose of cheating and defrauding his creditors, of which purpose said Bland was cognizant; that in furtherance of said design, the said Bland, on the 14th day of February, 1876, at the request of said Leftridge Joice, executed and delivered to the defendant Nicey L. Joice, wife of the defendant Wm. Joice, a quit claim deed of said property; that said deed was wholly voluntary, without consideration and void; that said deed has been recorded, and the said Nicey L. Joice is, with her husband, Wm. Joice, in possession of the land thereby conveyed, claiming title to the same; that on the 12th day of May, 1876, an execution issued in favor of the National Bank of Rolla and against said Wm. Joice, G. W. Brown and Leftridge Joice, under which the property aforesaid was seized and sold as the property of Leftridge Joice, and the plaintiffs became the purchasers and received a deed therefor. The plaintiffs prayed that the deed from Bland to Nicey L. Joice be canceled, that each of the defendants be divested of all right, title and interest in said

real estate, that plaintiffs be invested with the same and that the defendants Nicey L. Joice and Wm. Joice be required to deliver possession of said real estate to the plaintiffs, and for general relief.

The original petition was filed before the property was sold and purchased by the plaintiffs, under the judgment in favor of the bank, and prayed for appropriate relief upon the facts then stated. It will be unnecessary to determine whether the court committed any error in permitting the plaintiffs to file their supplemental petition, inasmuch as no objection was made to the filing of the same, and the defendants appeared to, and took issue upon it.

At the hearing the plaintiffs offered in evidence the following entry on the margin of the record of the judgment in favor of the bank: "This judgment is assigned and transferred to D. Branson and A. Emory. They having paid the plaintiffs, are entitled to the same. August 13th, 1874. (Signed,) Pomeroy & Corse, Bank Attorneys." Thereupon the defendant objected to the introduction of any other testimony for the following reasons: 1st. Because the National Bank of Rolla has no power to sell or assign said judgment. 2nd. Because an attorney has no power to assign a judgment. 3rd. Because the marginal entry claimed to be an assignment is not an assignment, but an entry of satisfaction, and a sale under a satisfied judgment is void; which objections were by the court sustained. The plaintiffs then offered to prove that in August, 1874, an order was made by the board of directors of the bank, directing the sale and assignment of said judgment to the plaintiffs, as made, and that said board afterwards made an order approving the act of the bank attorneys in making the same; that plaintiffs bought said judgment and paid the bank the full amount thereof and took the assignment read in evidence, at the earnest solicitation of the defendants, Leftridge Joice and Wm. Joice, and for their accommodation, as the bank was at the time pressing them for a settlement of said judgment. Plain-

tiffs also offered the execution under which they purchased and the sheriff's deed to them; also the sheriff's deed to Bland and the deed from Bland to Nicey L. Joice, together with testimony tending to prove that said conveyances were made under the circumstances and for the purposes alleged in the petition; all of which testimony was rejected by the court and the plaintiffs' bill was dismissed.

The judgment of the circuit court must be reversed and the cause remanded. The marginal entry offered in evidence, is not in terms a satisfaction of the judgment; and if its meaning were doubtful, it was open to explanation.

Though the assignment by the bank attorneys may not have been sufficiently formal to invest the plaintiffs with the legal title to said judgment, yet if authorized by the bank, it was good in equity and gave them an equitable right thereto.

It is wholly immaterial, however, whether there was any assignment or not, if the judgment was not satisfied, at the time of the execution sale at which the plaintiffs purchased. If the bank had the right to sell the judgment, of which we think there can be no question, and the plaintiffs purchased and paid for the same, they had a right to control the execution, and the sale and sheriff's deed thereunder invested them with the title. And in such case it is immaterial whether the execution was ordered to be issued by the plaintiff in the judgment, or by the equitable owners thereof, if there was no fraud or oppression in its issuance, of which the defendants have a right to complain. Nothing of that kind appears in this record. The petition states a good cause of action and the judgment is reversed and the cause remanded with directions to the circuit court to hear the plaintiffs' evidence and decide upon his case. The other judges concur.