## JOERDENS, *Appellant,* v. SCHRIMPF.

**Deed of Trust:** WRONGFUL ENTRY OF SATISFACTION: PAROL EVIDENCE TO AVOID IT. The payee of a negotiable note secured by a deed of trust, after parting with his interest in the note, acknowledged satisfaction of the deed of trust on the margin of the record. In ejectment brought by a purchaser at a sale subsequently made by the trustee; *Held,* that he was not driven to a suit in equity to cancel the entry of satisfaction, but might show by parol evidence that the interest of the payee had expired, and, therefore, his power to acknowledge satisfaction.

Parol evidence to explain a record is always admissible.

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

REVERSED.

*Crews & Booth* for appellant.

*Beyersdorff & Kiskaddon* and *John R. Martin* for respondent.

WINSLOW, C.—This is an action of ejectment, instituted in the Franklin circuit court April 27th, 1877, for a parcel of ground in the town of Washington in said county. The petition is in the ordinary form, and the answer a denial of its allegations. The case was tried before the court. On the trial, after an adverse ruling by the court on the evidence, plaintiff submitted to a non-suit, and, after an unsuccessful motion to set the same aside, duly perfected an appeal to this court.

Plaintiff derived his title from defendant, through a deed of trust executed to secure a negotiable promissory note to one Christian Ohlendorf, who indorsed the same to plaintiff, before maturity, and for value. The deed of trust was in the usual form, and contained a provision that the sheriff of the county might make the sale in the event of the refusal of the trustee to act. The trustee refusing to act, the plaintiff procured the sheriff to make the sale, at which he became purchaser and received a trustee's deed for the premises in dispute. The note, deed of trust, written refusal of the trustee to act, advertisement of the sheriff, and the deed to plaintiff, in connection with evidence of the ouster and value of the rents and profits, were all finally admitted in evidence; the court reserving its opinion on all objections to testimony until the end of the case, and then disposing of them all together. These various documents were all formal and regular, and sufficient in law to vest the apparent legal title in plaintiff, and no question arises as to their validity.

The note secured by the deed of trust bears date February 2nd, 1876, is negotiable in form, made payable to Christian Ohlendorf one year after date, signed by August Schrimpf, and has the name of Christian Ohlendorf indorsed upon the back. The deed of trust bears the same

date, and was recorded in Franklin county. No date appears to the indorsement of Ohlendorf.

To defeat this apparent legal title in plaintiff, the defendant offered in evidence the following entry of satisfaction on the margin of the record of the deed of trust : " I hereby acknowledge satisfaction in full of the within deed of trust. Witness my hand and seal, this 16th day of March, 1877. Christian Ohlendorf. Attest : Herman Weisel, Recorder of Deeds." Plaintiff objected to this testimony because the note was indorsed to him for value before maturity, and at the date of the entry of satisfaction Ohlendorf had no title to the note or deed of trust. The objections were finally overruled. Plaintiff, both in presenting his own case and in rebuttal of the entry of satisfaction, gave evidence tending to show that the name of Ohlendorf was written on the back of the note, and the note assigned to him November 16th, 1876, and that he paid value for the note. This evidence was objected to as inadmissible to contradict or impeach the record, and in the final disposition of the case it was excluded.

Defendant, also, offered oral evidence tending to show the circumstances under which the note and deed of trust were executed and indorsed and the satisfaction entered, but this evidence was excluded by the court.

The court evidently decided this case upon the theory that parol evidence was inadmissible to affect the record entry of satisfaction of the deed of trust, and the propriety of this ruling is the only question for determination.

The doctrine is now well established in this State, that the indorsee for value of a negotiable note secured by mortgage takes the security by the same title that he takes the note, and that he cannot be affected by any payments made to the indorser after the indorsement, and even before the indorsement, unless he had notice of them at the time of the purchase, but is entitled to enforce the security for the full amount due. *Logan v. Smith,* 62 Mo. 455; *Goodfellow v. Stillwell,* 73 Mo. 17. Hence, if the plaintiff

purchased the note for value, before maturity, and before the entry of satisfaction, the payment to Ohlendorf and his entry of satisfaction on the record could not affect the security afforded by the deed of trust. The excluded evidence tended to fix the date of the indorsement, and to show that it was made for value, before maturity, and before the entry of satisfaction. The effect of this evidence was not to impeach, vary or destroy the record, but to explain its effect by showing that the party by whom it was made acted without authority. Parol evidence to explain a record is always admissible. *Emory v. Joice,* 70 Mo. 537; *Johnson Co. v. Lowe,* 72 Mo. 637. There can be no question but what this evidence was admissible.

Respondent now maintains that the legal effect of the entry of satisfaction was to re-vest the title in the grantor in the deed of trust, leaving a mere equity in the plaintiff to have the satisfaction set aside, if not properly entered, and that this must be done by a proceeding in equity, or a count in the petition asking equitable relief. The statute relied on, (R. S., § 3311,) does not declare what shall be the effect of an entry of satisfaction by the mortgagee, trustee or *cestui que trust.* It is only when the entry is made by an attorney in fact that it shall have the effect of revesting the title in the person who executed the deed, or his legal representatives. R. S. § 3313. A fair construction of the two sections might give the same effect to both. In a case where there is no dispute about the entry, or the power to make it, the law would give it the effect of extinguishing the incumbrance and revesting the title for the benefit of whoever happened to be the owner at the time. *White v. Todd,* 10 Mo. 189; *Gale v. Mensing,* 20 Mo. 461; *Leitensdorfer v. Goebel,* 31 Mo. 474; and the statute can have no greater effect. But this does not meet the exigencies of the respondent's case. The statute recognizes the assignee of the mortgage as the proper party to enter the satisfaction, and it has been held that he is the proper party to make the entry. *Ewing v. Shelton,* 34 Mo. 518.

If the excluded evidence be true, Ohlendorf was not the *cestui que trust* when the entry was made, he was not the person authorized by statute to make it, and it stands on the record a mere nullity. It should be observed that no question of notice is involved here to give any effect to the entry.

*Valle v. American Iron Mountain Co.*, 27 Mo. 455, is conclusive against the respondent on this question. It is there held that an entry of satisfaction under the statute, aside from giving notice, has no more effect than a parol release of the mortgage. The distinction between an entry under this statute and the entry of satisfaction of a judgment is noted, and it is expressly held that in the case of a mortgage a direct proceeding is not necessary to impeach the entry of satisfaction for fraud. In the concluding paragraph of the opinion, it is conceded that it may be impeached by parol evidence under the pleadings in ejectment. In *Chappell v. Allen*, 38 Mo. 213, these entries are held to be only *prima facie* evidence of the payment of the debt, like a receipt, and are open to explanation by parol evidence.

The excluded evidence does not go to the extent of impeaching the record for fraud; it simply shows that the party had no power to make it, or to receive payment of the debt, so as to affect the rights of the plaintiff to the security, as determined by the cases of *Logan v. Smith* and *Goodfellow v. Stillwell*, heretofore cited.

The judgment should be reversed and the cause remanded. All concur.