| 68 | 327 |
| 73 | 281 |
| 68 | 327 |
| 99 | ¹544 |

</div>

CHEMICAL BANK OF SWEET SPRINGS, Appellant, v. CHARLES L. BULKLEY *et al.*, Respondents.

Kansas City Court of Appeals, January 11, 1897.

1. **Judgment:** ASSIGNMENT: COMMON LAW. At common law the assignee of a judgment only took an equitable estate and could not maintain action thereon or sue out *scire facias* in his own name and has only an equitable title which entitled him to use the name of the assignor to enforce the judgment.

2. ——: ——: STATUTE. Under the statute the assignee takes the legal title provided he follows the statute and has the assignment indorsed on the record, but such statutory provision does not abrogate the common law right to sign the equitable title and is merely cumulative and not exclusive.

3. ——: ——: EXECUTION: CLERK'S DUTY. The equitable assignee of a judgment is entitled to have an execution issued thereon in the name of the assignor and the clerk can not indorse thereon that such execution is for the use of such assignee, as it is his duty to do in the case of a statutory assignment.

Bank v. Bulkley.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

*Davis & Duggins* and *Leslie Orear* for appellant.

(1) At common law a judgment was not assignable so as to vest the legal title in the assignee; the only interest which he acquired by his purchase was an equitable interest, and he took the judgment subject to all equities that might exist in favor of the judgment debtor at the time of the assignment. He, could not maintain an action on it in his own name and was not a necessary party to a *scire facias* to revive the judgment. (2) The defendants could not complain that the judgment had been assigned; it did not affect their interests in any particular; they could only discharge the judgment by payment and it was no concern of theirs that it may have been assigned to a third party. They were not entitled to notice of the assignment in order to make it effective between the parties. Their payment of the judgment before notice discharges them, and their rights are not affected by any number of assignments that may have been made by the plaintiff. *Lionberger v. Baker*, 14 Mo. App. 353; s. c., 88 Mo. 447. (3) A judgment may be assigned either in writing or by parol and it is not necessary that the statutory mode of assignment be pursued in order to make a valid assignment of the judgment as between the parties to the contract of assignment. The statutory mode of assignment of a judgment is not exclusive; it is merely cumulative and does not prevent a party from making an equitable assignment in any other lawful way. 2 Black, Judgments, secs. 945, 946; *Burgess v. Cave*, 52 Mo. 43; *Blackburn v. Joiner*, 81

Ala. 344; *Lionberger v. Baker, supra; Mitchell v. Hockett,* 25 Cal. 538; *Wise v. Loring,* 54 Mo. App. 258. (4) The clerk of the court had no legal right to indorse on an execution issued by him that it is for the use of an assignee, unless the evidence of the assignment is present on the records of this court in the manner and form prescribed by the statutes. The statutory mode of assignment is not complete if the assignment is not in writing, which assignment shall be on or attached to the judgment and attested by the clerk. In the absence of a legal assignment as prescribed by statute, the common law rules prevail if there has been an equitable assignment of the judgment, and the common law methods of enforcing it also obtain. R. S. 1889, secs. 6043, 6045; Black on Judgments, sec. 948; *Hossack v. Underwood,* 55 Ill. 223; *Bolar v. Crosby,* 49 N. Y. 183. (5) The decision of the lower court is that in Missouri an execution can not issue on a judgment if there has been an equitable assignment of it. That the assignee must perfect his assignment by following the statutory methods which is held to be exclusive and not cumulative, and that unless the assignment is made in the statutory mode no execution can issue on such judgment. This we respectfully insist is not the law in any state, much less in Missouri where the statutory method of assigning a judgment is held to be cumulative merely, and the court should have overruled the motion to quash the execution. *Burgess v. Cave, supra; Tutt v. Couzins,* 50 Mo. 152; *Mitchell v. Hockett, supra.*

*Thoroughman & Carter, John D. Orear, Alf. F. Rector,* and *Boyd & Murrell* for respondents.

(1) It is conceded by both parties that the assignment of the judgment was valid and that the

title of said judgment was vested in Hancock before the execution issued. Under this state of facts the only valid execution that could be issued was one in the name of the original plaintiff indorsed to the use of the assignee, Hancock. The statute is mandatory and not simply directory. R. S. 1889, sec. 6045; *Fiske v. Lamoreaux*, 48 Mo. 523; *Shackelford v. Apperson*, 6 Gratt. 451. (2) At the common law a judgment was not assignable so as to vest the legal title in the assignee. An assignee could not sue out an execution in his own name, but even at the common law he controlled the execution and it could only be issued at his instance. Freeman on Executions, sec. 21, p. 24. (3) In the case of *Tutt v. Couzins*, 50 Mo. 153, cited by appellant in support of the proposition that the statutory method of assignment is cumulative and not exclusive, it appears that, while there had been no statutory assignment, the execution was issued to the use of the assignee. In other words, this case holds in effect that section 6045 is independent of section 6043, and that, although section 6043 has not been followed, it is still the duty of the clerk, where there has been an assignment, to issue the execution as directed by section 6045. (4) The title to the judgment vested by the assignment in Hancock. The Chemical Bank is not the real party in interest, nor is it a trustee of an express trust. It could not be aggrieved by the judgment of the court, and is not entitled to prosecute this appeal. R. S. 1889, secs. 1990, 1991; *Guerney v. Moore*, 131 Mo. 663; *Burns v. Bangert*, 16 Mo. App. 22; *Buffington v. Land Co.*, 25 Mo. App. 495. (5) When the law requires that an execution be issued in the name of a certain person, and it is not so issued, it is void. Thus the law requires that executions in favor of a deceased person be issued in the name of the administrator, and if not so issued will be quashed. R. S.,

sec. 6023; *Welch v. St. Louis*, 12 Mo. App. 516; *Simmons v. Heman*, 17 Mo. App. 444. So also an execution issued in the name of a guardian alone, not mentioning therein the wards, has been held void. *Newson v. Newson*, 4 Ind. 381; Herman on Executions [Ed. of 1875], p. 81, sec. 89; *Garvin v. Hall*, 18 S. W. Rep. (Tex.) 731. In construing a statute words must be given their ordinary and familiar meaning, nothing interpolated or taken from unless absolutely necessary to arrive at the meaning of the act. *Warren v. Paving Co.*, 115 Mo. 577.

SMITH, P. J.—The case presented by the record now before us is this: The plaintiff being the owner of an unsatisfied judgment against the defendants, entered into a parol agreement with one David Hancock, by which plaintiff, for a valuable consideration, sold to said Hancock, the said judgment, it being thereby understood that said Hancock was to have the right to enforce the satisfaction of the judgment by execution, to issue in the name of the plaintiff. Accordingly, the said Hancock caused the issue of execution on said judgment, which was levied by the sheriff on the real estate of the defendant Bulkley, who filed a motion in the circuit court to quash said execution, for the reason that the judgment on which the same was issued had been assigned before the issue of said execution thereon and there had been no indorsement on said execution, that it was issued for the use and benefit of the said Hancock, the assignee of the judgment.

This motion was by the court sustained and judgment given thereon accordingly, from which plaintiff has appealed.

At common law, a judgment, not being in itself negotiable, could not be assigned so as to vest the legal

title in the assignee.    He could take only
JUDGMENT:
  assignment:    an equitable interest, which was subject
  common law.    to every equity and charge which at-
tached to the judgment in the hands of the assignor.
Nor could he maintain an action thereon, or sue out a
*scire facias* for its revival in his own name.    But while
the assignment of a judgment did not, at common
law, vest the legal title in the assignee, it did vest in
him the equitable title thereto, the latter being suffi-
cient to entitle him to sue in the name of the assignor
whenever he chose to do so, and to control the final
process and receive the money collected.    Black on
Judgments, sec. 940.    The statute of this state has im-
parted to judgments the quality of negotiability and
provided a mode of assignment thereof
——: ——: statute.   whereby the legal title may vest in the
assignee.    R. S. 6043.    It provides that judgments of
a court of record may be assigned in writing by the
plaintiff and the assignees thereof successively, which
assignment shall be on or attached to the judgment
and attested by the clerk.    While the statute has pro-
vided this mode of assigning the legal title to judg-
ments, it has not abrogated the right to assign the
equitable title, leaving the legal title in the assignor.
The statutory mode of assignment is merely cumula-
tive and not exclusive.    *Burgess v. Cave*, 52 Mo. 43;
*Wise v. Loring*, 54 Mo. App. 258; Black on Judgments,
sec. 946.    While an assignment of a judgment by parol
will be upheld in equity, if made in good faith and
based on a valuable consideration, under the statute it
is insufficient to pass the legal title to the assignee.

It is clear that the parol assignment of the judg-
ment in the present case did not accomplish more than
to vest in Hancock the equitable title thereto.    Now, as
Hancock was no more than the equitable owner of the
judgment, was it required by the statute (section 6045)

of the clerk, when issuing the execution, to indorse thereon that it was for the use of Hancock, as assignee; or, in other words, does this section of the statute have any application to the issue of executions on judgments which have been assigned, but not according to the statutory mode?

Suppose A has judgment against B, and C claims that it has been assigned by parol to him by A. Suppose further that C goes to the clerk of the court in which the judgment was rendered and assures the clerk of the assignment to him and demands that execution be issued on the judgment for his use, and it is so issued and placed in the hands of the sheriff and is then satisfied by B and the money paid over to C. Later on all this comes to the knowledge of A, who goes to the clerk and denies the assignment of the judgment to C and demands execution in his own name and for his own use. Shall the clerk issue another execution, and if so, will B be required to satisfy it and thus twice discharge the judgment? If the clerk refuses to issue the execution at the request of A, would the court rendering the judgment compel the issue of the execution, or if not, must A lose the fruits of his judgment? Will he be put to his action against the clerk and his sureties on his official bond for negligent issue and indorsement of the execution, or against the sheriff for negligently paying over the money collected of B on the execution, to C, or against C for money had and received to his use, or for fraud?

These suggestions it seems to us, illustrate the difficulties which might reasonably be expected to result from construing the said statutory requirement as applicable to the issue of executions on a judgment, when there is only an equitable assignment thereof.

The assignment not being of record, but *in pais*,

how is the clerk to know with certainty of its existence? It may be a controverted question of fact between the plaintiff and the assignee. It may be void for fraud or for some other reason. In such case it seems to us that if the clerk issues the execution, as if the legal title of the judgment were in the assignee, when it is not, he acts at his peril. The law does not place its officers in such a predicament. The clerk must be guided, we think, by the record. When a judgment has been assigned according to the statutory mode, he is bound not only to take notice of it, but when he issues an execution thereon he must make the indorsement thereon that it is for the use of the assignee, as required by the statute.

But in cases of equitable assignments of judgments, or assignments thereof *in pais*, he may, on production ——: ——: execu- tion: clerk's duty. to him of satisfactory evidence of such assignment, issue an execution on the judgment in the name of the plaintiff thereon. But he can not make the indorsement thereon for the use of the assignee, as in the case of a statutory assignment of the judgment. The owner of the equitable title to a judgment has, as we have already stated, the right to control the issue of the execution and to receive the money collected on it, but the exercise of these rights is not justified from anything appearing on the record, but by the assignment of the judgment *in pais*. The statute authorizing the transfer of the legal title of judgments and the issue of execution thereon was not made for the protection of the defendant, but for the benefit of the assignee. *Emery v. Joyce*, 70 Mo. 540. The defendant had no concern in respect to the assignment of the judgment. He could pay it to the plaintiff with perfect safety until notified in some way of the assignment, and the same

would be true of the sheriff receiving satisfaction of an execution issuing to him on the judgment.

The assignment of the judgment in question did not vest the legal title in, Hancock, but left it in the plaintiff subject to the equitable rights of the former. The cases (most of which are referred to in the notes to section 948 of Black on Judgments) are generally to the effect that an equitable assignment of a judgment carries with it the debt or claim on which the judgment was based and the right to stand in the creditor's place as regards the means of its collection and enforcement, with perhaps certain incidental rights not necessary here to specify. We therefore conclude that the execution in the present case was properly issued and that the clerk was not authorized by the statutes to make the indorsement thereon for the use of Hancock, the assignee.

It results that the circuit court erred in sustaining the motion to quash the execution. The judgment will be accordingly reversed. All concur.