MONTICELLO SAVINGS BANK, Respondent, v. MARY C.
STUART, Administratrix of WILLIAM O.
STUART, Deceased, Appellant.

St. Louis Court of Appeals, January 18, 1898; Motion for
Rehearing Overruled.

Account: ASSIGNMENT: PAYMENT: PRIOR ASSIGNMENT WITHOUT NOTICE.
The payment by an administratrix of an assigned account against
the estate of the intestate, was a complete defense against a prior
assignment of which she had no notice. R. S. 1889, sec. 8161.

*Appeal from the Lewis Circuit Court.*—HON. EDWIN R.
MCKEE, Judge.

REVERSED AND REMANDED (*with directions*); all the
judges concurring, Judge BIGGS in the result.

*B. F. Thompson* and *C. D. Stewart* for appellant.

The allowance of this claim in the probate court is
not a judgment, but simply an establishment of the
indebtedness of the deceased to the claimant. It was
the same character of paper after allowance that it was
before. It is still an account, and non-negotiable.
*Thomas v. Liebke*, 13 Mo. App. 389.

To effect a valid assignment of this demand it is
not necessary that there was a delivery to the assignee
of the written memorandum of allowance by the judge
of probate. *Thomas v. Liebke, supra.*

In assignment of non-negotiable instruments notice
to the debtor is necessary, and the debtor has all equities
at the time of notice of assignment. *Bartlett v. Eddy*,
49 Mo. App. 32; R. S. 1889, sec. 8161.

Even if this was a judgment it is agreed that there
was no assignment of record, and under the facts it

requires notice to defendant in the judgment. *Knapp,* *Stout & Co. v. Standley,* 45 Mo. App. 264; R. S. 1889, sec. 2390.

No brief filed for respondent.

BOND, J.—Defendant is the administratrix of her deceased husband, and as such filed her final settlement and was discharged at the May term, 1896, of the probate court of Lewis county, Missouri. Plaintiff at said term claimed to be the assignee of an allowed demand against the estate which had not been paid, and on that account moved the court to set aside the final settlement of defendant and order the payment of the demand. The probate court overruled this motion, whereupon plaintiff appealed to the circuit court, where it was sustained, hence this appeal by defendant.

The cause was submitted to the court without a jury. The undisputed facts are that a claim for $21.65 was allowed against the estate in defendant's hands in favor of H. Stark on April 18, 1894; that on the next day the claimant assigned his account to plaintiff, and on the tenth of September, 1894, assigned it by a written order directing it to be paid to one Hugh Templeton; that defendant without knowledge or notice of its prior assignment paid it on the same day to said Templeton and filed said order and his receipt thereon for payment as a voucher. Some time after this payment, to wit, December 21, 1894, defendant was notified by an attorney that he had charge of the original allowed account in favor of said Stark. There was no assignment of the allowed demand on the records of the probate court.

Defendant, on final settlement, received credit for her disbursement to said Templeton. Under these facts the trial court should not have set aside the final

ACCOUNT: assignment: payment: prior assignment without notice.

settlement of defendant. As there was no assignment of the allowed demand in the statutory method provided for the assignments of judgments of courts of record, the transfer took effect as an assignment of an account. *Bank v. Bulkley*, 68 Mo. App. 332; *Knapp, Stout & Co. v. Standley*, 45 Mo. App. 264. It is expressly provided by statute that the defendant to suits on "assigned accounts" shall be allowed every defense "which existed in his favor at the time of his being notified of such assignment." R. S. 1889, sec. 8161. In the present case, when the defendant first received notice that the demand was in charge of an attorney, she had already paid it to an assignee by the written directions of the party in whose favor it had been allowed. Under the above statute her defense was therefore complete against a prior assignment of which she had no notice. To have prevented such defense it was the duty of the first assignee to have notified defendant of the fact of the assignment to him before she paid it under the second assignment. As this was not done defendant should not suffer for plaintiff's negligence. The result is, the judgment in this case will be reversed and the cause remanded with directions to the trial court to overrule the motion to set aside the final settlement of the defendant. All concur. Judge Biggs in the result.

## ON MOTION FOR REHEARING.

Bond, J.—The learned counsel for respondent cites *Thomas v. Liebke*, 13 Mo. App. 389, as authority for a rehearing in this cause. The case in question was cited to us in appellant's brief, and was not overlooked when the decision herein was rendered. If the doctrine of that case is adhered to, it presents an additional

reason for the conclusion reached by the court. For if the allowed demand is not such a judgment as may be assigned in the statutory mode, then it can derive no aid—as to imparting notice—from such assignment, but can only have the same effect as is given by law to an equitable assignment of a judgment or other non-negotiable choses in action. It is expressly held by the supreme court that an equitable assignment of a judgment does not bind the judgment debtor until notice thereof has been given to him. *Tutt v. Cousins*, 50 Mo. 152–154; *Burgess v. Cave*, 52 Mo. 43, 44. A motion for rehearing is overruled. All concur. Judge Biggs in the result.