DENT G. TUTT, Respondent, *v.* JOHN E. D. COUZINS, GARNISHEE OF NICHOLAS WALTON, Appellant.

1. *Judgment — Assignment of, filed with papers, sufficient.* — To render the assignment of a judgment valid it is not necessary either that it be made on or attached to the record of judgments, or that it be attached to the judgment roll. It is sufficient if it be filed with the papers.
2. *Judgment, roll of — Attachment of papers.* — The provision in the statute (Wagn. Stat. 419–20, §§ 7–9) requiring the papers in a cause to be attached together after the determination of a cause, is simply intended for their preservation.

### *Appeal from St. Louis Circuit Court.*

*A. N. Crane*, with *C. S. Hayden*, for appellant.

The assignment shown does not conform to the statute (Wagn. Stat. 794, § 34) and is invalid.

The statute requires the assignment to be on the thing assigned, so that the judgment itself will always carry with it a badge of ownership.

It is claimed that if the Legislature had intended the assignment of judgments to be placed in the record, it would have required a margin for that purpose also. This conclusion is not reasonable; on the contrary, it is more reasonable to suppose that the Legislature omitted to require a margin because one was already provided. Certainly no law was necessary about the margin.

It is contended that the statute is in a manner cumulative; that is, that any form of written assignment is good between the parties. But we say that the statute covers the whole subject and is mandatory, and unless it is intended by the statute to make an exclusive method, it means nothing. Certainly the statute was not intended to add another method for assigning a judgment, but to make one legal way for doing the thing.

*Slayback & Haeussler*, for respondent, cited in argument Baker v. Stonebraker's Adm'r, 34 Mo. 175; Love v. Fairfield, 13 Mo. 305.

Tutt v. Couzins, Garnishee of Walton.

WAGNER, Judge, delivered the opinion of the court.

Tutt obtained judgment against Walton on the 24th of May, 1861, and on the 10th of June, 1861, he assigned the judgment to Dean.   On the following November, 1861, Dean caused execution to be issued on the judgment in the name of Tutt, to his use, and Couzins was summoned as garnishee.   Tutt was not a party to the proceeding, and had no notice thereof.   After several years' litigation Couzins, the garnishee, was discharged, and an allowance of $200 as attorney's fees was made by the court in his favor.   Pending the controversy Dean died, and the case was revived and conducted in the name of the administrator.   The judgment of allowance was rendered against the estate of Dean, and it was certified to the Probate Court for classification.   Dean's estate was insolvent, and in March, 1871, Couzins' counsel appeared in the Circuit Court and moved to have the judgment which had been taken against Dean's estate amended and entered up against Tutt. This motion was sustained by the court at the special term, and the amendment was made; but on the case being carried to the General Term, the order was reversed and an appeal taken to this court.

First, it may be observed that the last proceeding was wholly irregular so far as Tutt was concerned, for he was not notified and was not present in court.   When the final judgment was taken and certified to the Probate Court the case was at an end, and before it could be opened, modified or proceeded further with, it was necessary that the adverse party should have been notified.

But it is contended — and that is the real point made in the case — that the assignment was invalid.   The assignment was in writing, attested by the clerk, and filed with the papers in the cause.   It is insisted on one side that no assignment in this State is valid unless it is made on or attached to the judgment; while on the other side it is argued that the assignment should not be placed on the judgment record, but should be attached to the judgment roll by the clerk in making up his papers.   We are not willing to concede that either position is correct.   The provision in the statute in regard to the general powers and duties of courts

of record, requiring the clerk to attach the papers· together after the determination of a case, is simply intended for their preservation, and they constitute the roll of the judgments. (Wagn. Stat. 419–20, §§ 7–9.) But no one, I apprehend, would ever think of examining the roll to find the judgment of the court, to see what it contained or whether it had been satisfied or assigned. To ascertain these facts the judgment itself, as written on the record, is always consulted. The statute declares that judgments of courts of record and judgments obtained before justices of the peace for the recovery of money, may be assigned in writing by the plaintiffs and the assignees thereof, successively, which assignment shall be on or attached to the judgment, and attested by the clerk of the court or justice of the peace, and, when so made and attested, shall vest the title to such judgment in each assignee thereof, successively. (Wagn. Stat. 794, § 34.) When the statutory form of making the assignment is pursued, the obvious course is to either write it on the margin of the record, or, if it is written on a separate paper, that paper should be attached to the judgment. It then imparts notice to all parties. But the mode pointed out by the statute is cumulative and not exclusive. A judgment may be assigned like any other chose in action, and the assignee may sue in his own name; but to bind the judgment debtor and those claiming under him, they must necessarily have notice. In the present case the whole record shows that Couzins had full notice, and that question is not raised.

The judgment at General Term should be affirmed. The other judges concur.