FREDERICK E. PRICE, Respondent, v. JOSHUA
M. CLEVENGER, Appellant.

Kansas City Court of Appeals, April 27, 1903.

1. **Evidence:** PLEADING: OMISSIONS OF ANSWER: JUDGMENTS. A petition counted on a judgment; the answer admitted the cause of action therein sued upon was a judgment and that the same accrued more than ten years, etc.: *Held*, it is not necessary to introduce the judgment in evidence since its existence. stood confessed by the answer.

2. ———: JUDGMENTS: ASSIGNMENTS: MISTAKE. An assignment of a judgment bore date of the nineteenth, whereas the judgment was not rendered until the twentieth, but it was competent since it was shown that the date of the paper was a mistake.

3. ———: ———: ———: COMMON LAW: STATUTE. At common law there can be no assignment of a judgment, but only of an equitable interest therein, and such assignment may be proved by showing its execution and then introducing the paper if in the power of the party; and if not in his power, a copy thereof.

4. Judgments: ASSIGNMENT: STATUTE: PAROL. The statutory mode of assignment is only cumulative, and judgments may be assigned in equity in other lawful ways; and Missouri statute governing assignments refers only to domestic judgments.

5. ———: ———: RIGHTS OF ASSIGNEE: NOTICE. An assignment does not vest in the assignee a perfect and indefeasible title to the judgment until notice is given, but an assignee of an Illinois judgment, where the common law appears to prevail, may sue on the same in this State in his own name.

ON MOTION FOR REHEARING.

6. COSTS: COMMON LAW: ILLINOIS STATUTE. At common law, costs are not allowed the prevailing party, and that law is presumed to prevail in Illinois until the contrary is shown.

Appeal from Johnson Circuit Court.—*Hon. W. L. Jarrott,* Judge.

AFFIRMED.

*Chas. E. Morrow* for appellant.

(1) The judgment was not proven. The transcript offered was not and did not purport to be the whole record. The whole record must be offered. Philipson v. Bates, 2 Mo. 77; Dameron v. Williams, 7 Mo. 138; Crone v. Dawson, 19 Mo. App. 214; Williams v. Williams, 53 Mo. App. 617; Seymour v. Newman, 77 Mo. App. 578; Gibson v. Robinson, 16 S. E. 969; State v. Misenheimer, 31 S. E. 852; Ashmead v. Wilson, 22 Fla. 255; Black on Judgments, Vol. 2, sec. 877. (2) The transcript was not properly certified. To be admissible the clerk must certify that it is the whole record. Crone v. Dawson, 19 Mo. App. 214. (3) In the absence of proof of the laws of the State of Illinois, where the assignments were made, the common law is presumed to exist. McPike v. McPike, 111 Mo. 216; Houghtaling v. Ball, 19 Mo. 84; Myer v. McCade, 73 Mo. 236; Long v. Long, 79 Mo. 651; Burdict v. Railroad, 123 Mo. 221. (4) Therefore, the alleged assignments must be good in equity as administered at common law.

In equity in order to pass title to a chose in action, not subject to actual delivery, it was necessary to give notice of the alleged assignment to the debtor. Clodfelter v. Cox (1 Sneed), 33 Tenn. 330; Richards v. Griggs, 16 Mo. 416; Bartlett v. Eddy, 49 Mo. App. 32; Bispham's Prin. of Equity, p. 175, sec. 168; Murdoch v. Finney, 21 Mo. 138; Tutt v. Couzins, 50 Mo. 152 l. c. 154; 2 Story's Equity Jurisprudence (10 Ed.), sec. 1047; Vanbuskirk v. Ins. Co., 14 Conn. 145; Dearle v. Hall, 3 Russell 1. (5) The answer did not admit the judgment as pleaded or that it was valid. The plaintiff did not so understand it nor treat it at the trial; but undertook to establish it by proof. Even if the judgment as pleaded has been admitted by the answer, yet, if the plaintiff proceeded to put it in evidence and failed in his proof and it is not shown to be valid, the court will treat it as forming no ground for plaintiff's action. Ely v. Cook, 2 Hilt. 406; 9 Abb. Prac. 366; Rosenberger v. Gibson (Mo.), 65 S. W. 237. (6) The certified copy of the alleged assignment of the judgment from Alfred to J. R. Gulick was incompetent. Wonderly v. Lafayette Co., 150 Mo. 635. (7) The copies of the alleged assignments attached as exhibits to the depositions were incompetent. The originals, if identified by the witness, should have been attached. R. S. 1899, sec. 2903. Catlin v. Underhill, 12 Wheaton (U. S.) 515. (8) Costs were not recoverable at common law. Hoover v. Railroad, 115 Mo. 77.

*J. W. Suddath* for respondent.

(1) A judgment may be assigned by any method competent for assignment of any other chose in action. It need not be under seal or even in writing. Statutory method is only cumulative. Freeman on Judgments, sec. 442; Emory v. Joice, 70 Mo. 537; Wise v. Loring, 54 Mo. App. 259; Knapp v. Standley, 45 Mo. App. 264; Burgess v. Cave, 52 Mo. 43. (2) Secret assignment is good except as to payments made by debtor prior to

notice. Freeman on Judgments, sec. 426; Emory v. Joice, 70 Mo. 537; Wise v. Loring, 54 Mo. App. 259. Knapp v. Standley, 45 Mo. App. 264; Burgess v. Cave, 52 Mo. 43-44; Ins. Co. v. Cohen, 9 Mo. 421. (3) Original instrument need not be attached as exhibit to deposition, if original is shown to witness and by him identified. Haggard v. Vickory, 78 Ind. 65; Robinson v. Savage, 124 Ill. 266,. (15 N. E. 850); Mabley v. Leophart, 47 Ala. 257; Gunble v. Hufford, 46 Ind. 125; Wright v. Cabot, 89 N. Y. 570. Sworn copies are admissible if original is beyond jurisdiction of the court. Bullitt v. Overfield, 2 Mo. 4; Ins. Co. v. Cohen, 9 Mo. 421. (4) Unless the error complained of materially affects the merits of the action, the Supreme Court shall not reverse the judgment of any court. R. S. 1899, sec. 865. (a) The admission of incompetent evidence will not be cause for reversing a judgment where it appears that such error was harmless. . State ex rel. v. Edwards, 78 Mo. 473; Hollenbeck v. Railroad, 141 Mo. 97; sec. 865, R. S. 1899. (b) The admission in evidence of a foreign judgment where the authentication thereof is technically defective, is harmless error. Williams v. Williams, 53 Mo. App. 617.

SMITH, P. J.—The plaintiff sued upon a judgment obtained by one Alfred Gulick against defendant on the 20th day of April, 1878, in the circuit court of Champaign county, Illinois. It is alleged in the petition that said Alfred Gulick in April, 1878, assigned said judgment to Jesse R. Gulick; that said Jesse R. Gulick on the 17th day of July, 1883, assigned the same to Francis M. W. Price; that said Francis M. W. Price on the 12th day of July, 1885, made an assignment thereof to plaintiff, Frederick E. Price; that defendant had notice of all of said assignments, and that said judgment has not been paid.

The parties differ as to what construction should be put upon the answer, which is as follows:

"Now comes defendant and for answer to the petition of plaintiff, admits that the circuit court of Champaign county, Illinois, is a court of general jurisdiction, and on April 20, 1878, one Alfred Gulick obtained judgment against this defendant in said court. For further answer, defendant denies each and every allegation of said petition. Further answering, defendant says that the cause of action herein sued upon is a judgment, and that the same accrued more than ten years prior to the date of the institution of this suit, and more than ten years after the date of the last credit thereon, or payment of any part thereof."

The cause was tried before a jury. The defendant objected to the introduction of the transcript of the judgment of the Illinois court for several reasons, viz.: That it was not attested as required by law, and that it did not show that the court had jurisdiction. There were other objections which will further along be considered. It is claimed by the plaintiff that the admission or rejection of the transcript, so far as it went to establish the fact that a judgment, such as declared upon, had been rendered by a court of competent authority, was immaterial, as that fact was admitted by the defendant's answer. This claim, we think, should be conceded for the answer admits the rendition of a judgment by a court of competent jurisdiction, and the defendant will not be heard to say that his admission only went to the extent of admitting a judgment had been rendered, but not the one declared on, which would be equivalent to no admission. The courts will not tolerate such quibbling. The law presumes that when defendant stated that he was admitting a fact, it was a fact which was in issue, and not the admission of one that was not in the case. And we are further satisfied that the defendant, by his answer, not only admitted that the judgment sued on had been rendered by a court of competent jurisdiction, but that pleaded had been so rendered. That part of the answer pleading the statute

of limitations uses these words: "That the cause of action herein sued upon, is a judgment, and that the same accrued more than ten years," etc. If the cause of action sued upon *is a judgment*, we suppose that it is good for all that is included within its four corners. It was not therefore necessary for the plaintiff to introduce said record to prove the amount of his judgment, as he thought he was compelled to do, and it follows that the admission of such record, whether it was competent evidence or not, was immaterial, as the judgment as pleaded stood confessed by the defendant's answer.

It is next contended by defendant that there was error in the admission of the various assignments, as they were not properly proved. The first assignment was that of Alfred Gulick, the plaintiff in the judgment, to Jesse R. Gulick. To prove said assignment plaintiff offered in evidence a copy of the records of said Illinois court, which is as follows, to-wit:

"State of Illinois, Champaign county, ss. In the Circuit Court, March Term, 1878. Alfred Gulick v. J. M. Clevenger: For value received I hereby sell, assign and set over to J. R. Gulick all my right and interest in and to the judgment rendered in the above case in my favor and against the said J. M. Clevenger, this 19th day of April, A. D., 1878. Alfred Gulick."

The assignment shows that it was made on the 19th of April, whereas the judgment was not rendered until the 20th of said month; but it was shown that this was a mistake, as the paper was in fact executed on the day of rendition of the judgment.

The objection made to this paper was that it is not the best evidence; that the law required the production of the original. The answer to this objection was that it was on file in records of the Illinois court, and not in the power of the plaintiff to produce it. As it is conceded that in equity, though not in common law, a judgment may be assigned, the question arises, in what way can such an assignment be proved? In equity, the suit

would have to be in the name of the assignor; but under our statute we have no doubt but what the assignee may prosecute the action in his own name.     Bartlett v. Eddy, 49 Mo. App. 32.

In the absence of proof of the statutes of Illinois, the presumption is that the common law prevails there. McPike v. McPike, 111 Mo. 216; Roll v. St. Louis Min. Co., 52 Mo. App. 60; Benne v. Schnecko, 100 Mo. 250; Burdict v. Railroad, 123 Mo. 221.   Such being the case, there could have been no common-law assignment of the judgment in question, but under the rule in Bartlett v. Eddy, supra, it had vitality as an equitable assignment. But the trouble is, the proof of the existence of such assignment.   In the absence of proof that the statutes of Illinois provide how the assignment of judgments may be made and authenticated, we are governed by the general rules of evidence regulating the proof of execution of like instruments.   It is primary law that the best evidence in such cases is first to prove the execution of the writing, and then the writing itself must be introduced, if not lost or destroyed and if in the power of the party to produce it.   If not in the power of the party to produce it, then its contents can be shown by any competent evidence, like any other fact.

J. R. Gulich deposed to the effect that, "the signature appended at the bottom" of the assignment was that of Alfred Gulich, the plaintiff in the judgment; that he wrote the assignment and was present when he executed it, and that the paper read in evidence at the trial of the present case was a complete copy of it. F. M. W. Price, a witness for plaintiff, deposed that the said assignment was in the custody of the clerk of the circuit court of Champaign county, in the State of Illinois.   It is thus seen that the assignment was neither in the custody of the plaintiff nor defendant, but in that of a person who was beyond the jurisdiction of the court, and therefore not within the reach of its writ or *subpoena duces tecum*.   And since it appears that the

paper received in evidence was a complete copy of the original assignment, and that such original was executed by the plaintiff in the judgment, no reason is seen why its reception was not proper. Ins. Co. v. Cohen, 9 Mo. 443 (l. c.); Carr v. Carr, 36 Mo. l. c. 412; Lewin v. Dille, 17 Mo. 64. The fact that the copy of the assignment was certified by the clerk of an Illinois court of record did not of itself authorize the admission of that instrument in evidence.

The defendant further objected to the introduction of a copy of the assignment from J. R. Gulick to Francis M. W. Price. It appears from the deposition of the said Price, taken in the State of Nebraska, that he was in possession of the original assignment—and that the said copy was made by him and furnished the notary who took his deposition, to be filed therewith as an exhibit. He deposed to the execution of the original by J. R. Gulick. The original was not in the possession of either plaintiff or defendant, but in that of one who was beyond the jurisdiction of the court, and therefore what was said in respect to the copy of the assignment from Alfred to J. R. Gulick is equally applicable to that from the latter to Price. No error is perceived in the action of the court in admitting, over the objections of the defendant, the original assignment from Price to Price, since the same was admitted to be genuine.

After all, the vital question in the case is, whether or not it was essential, in order to impart any efficacy to the several assignments, to give the judgment debtor notice thereof? It will be remembered this judgment was rendered in the State of Illinois where the common law is presumed to exist. At common law, a judgment not being in itself negotiable, could not be assigned so as to vest the legal title in the assignee. He could only take an equitable interest therein, which was subject to every equity and charge which attached to the judgment in the hands of the assignor. Nor could he maintain an action thereon in his own name. But while the as-

signment did not at common law vest the legal title to the judgment in the assignee, it did vest in him the equitable title thereto. Ins. Co. v. Cohen, 9 Mo. l. c. 442-3; Heath v. Powers, 9 Mo. 776; Love v. Fairfield, 13 Mo. 301; Bank v. Bulkley, 68 Mo. App. 327; Bartlett v. Eddy, 49 Mo. App. 38; Hatchett v. Emerson, 73 Mo. App. 282; Black on Judgments (2 Ed.), secs. 940, 948. A parol assignment will vest the equitable title to the judgment in the assignee. Bank v. Bulkley, ante; Emory v. Joice, 70 Mo. 537; Black on Judgments, sec. 945.

The statutory mode of assigning judgment is cumulative rather than exclusive and does not prevent the judgment creditor from making an equitable assignment in other lawful ways. Burgess v. Cave, 52 Mo. 43; Tutt v. Couzins, 50 Mo. 152; Frybarger v. Andre, 106 Ind. 337; Black on Judgments, sec. 947. But our statute providing for the assignment of judgments refers *only* to judgments rendered in any of the courts of this State. Baker v. Stonebraker, 34 Mo. l. c. 176.

So far as shown, the law of Illinois did not require the assignments to be of record, and when the plaintiff, as he did, proved the assignments he thereby established his equitable ownership of the judgment and his right to sue thereon in his own name in the courts of this State. Baker v. Stonebraker, ante; Bartlett v. Eddy, ante; Black on Judgments, sec. 951. And this, too, without notice to the judgment debtor. Undoubtedly, the assignment would not have the effect to vest in the assignee a perfect and indefeasible title to the judgment until notice is given to the judgment debtor. Heath v. Powers, 9 Mo. 775; Murdoch v. Finney, 21 Mo. 138. But it is said by Judge Scott in the last cited case, the law is well settled that "as between the assignor and assignee, the equitable right will pass without any notice to the debtor, for the assignor is bound from the moment of the contract." Until a judgment debtor has notice of the assignment he will be

protected as against the assignee in respect to any payments he may make to the judgment creditor. The former can not be bound by the assignment until he have notice of it. As was said in Heath v. Powers, ante, "We are thrown back upon the equitable principles which govern courts of law in protecting the rights of the assignee of a chose in action, and that principle requires the assignee to give notice of his interest, otherwise a payment to the obligor or a discharge of him will defeat it."

From these considerations it is made to appear that an equitable assignment of a judgment passes a defeasible interest in the judgment which does not become indefeasible until notice is given to the judgment debtor of such assignment. By the failure to give notice it is the assignee and not the judgment debtor whose rights in consequence thereof are put in jeopardy. Until such notice, the judgment debtor may safely pay the judgment to the judgment plaintiff in satisfaction and discharge thereof; or the latter may assign it to some one else, and if he first give notice his equity will be superior to that of the first assignee, so it is the assignee and not the judgment debtor who is generally to be most injuriously affected by the failure to give notice. It is therefore plain that in no case is the giving of notice to the judgment debtor a condition precedent to the acquisition of a defeasible title or interest in the judgment under an assignment of it.

We are unable to discover that the appeal raises any objection to the judgment which would justify us in overthrowing it, and it will accordingly be affirmed. All concur.

#### OPINION ON MOTION FOR REHEARING.

SMITH, P. J.—The defendant suggests that plaintiff's instruction number one which authorized the jury if it found for plaintiff to include in its assessment of

Vol 99 app—35

damages $10.55 costs which were adjudged to plaintiff by the Illinois court in the case in which the judgment sued on was recovered, was in that respect erroneous. As no statute of the State of Illinois was introduced in evidence under which a prevailing party is entitled to costs, and as we must presume the common law exists in that State, and as under it no costs were recoverable, it results that the instruction was erroneous. Hoover v. Railway, 115 Mo. 77.

But notwithstanding this, if the plaintiff will, within ten days hence remit the said amount of costs, $10.55, with six per cent interest thereon from April 20, 1878, amounting in the aggregate to $26.30, the motion for rehearing will be overruled, and the judgment of affirmance will be allowed to stand, otherwise it will be set aside.

It results, of course, that the costs of the appeal must be adjudged against the plaintiff.