THOMAS FINNERTY, Respondent, v. Edward L. HOPPE, Appellant.

**St. Louis Court of Appeals, October 1, 1910.**

1. **APPELLATE PRACTICE:** Finding on Conflicting Evidence Conclusive. Where there is substantial evidence pro and con on an issue of fact, the finding of the trial court will not be reviewed on appeal.

2. **LANDLORD AND TENANT:** Action on Covenant for Rent: Tenant Refusing to Take Possession of Premises. The relation of landlord and tenant arises from contract, either express or implied, and while it is true, as a general proposition, that occupancy of the premises by the tenant is an essential element to sustain an action by the landlord for rent, such occupancy is not essential to a recovery, where the defendant covenanted in a lease to pay the rent sued for and the plaintiff was ready, willing and able to give over possession of the demised premises.

3. ————: Rights of Lessee. By executing a lease, the lessee becomes possessed of an *interesse termini*, which is assignable before entry, and will support an action of ejectment or for damages, if possession be withheld from him.

4. **ACTIONS:** Splitting Demands: Action for Periodical Payments. While the law does not permit the splitting of demands, yet where payments of money are to be made periodically, separate actions may be maintained in succession for the several installments as they mature, though all sums due when the action is begun should be included, as a judgment in such circumstances will bar any further action for the sums then due but not included in the action.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Charles Fensky* for appellant.

(1) The relation of landlord and tenant under the evidence never existed, and there could be no re-

covery for debt or rent under the lease. Defendant never was in or had possession of the premises. Cherokee Assn. v. Land Co., 138 Mo. 394; Kean v. Kolkschneider, 21 Mo. App. 539. (2) Plaintiff could not split an action for a total breach of the contract and maintain a suit each month, where as in this case defendant was never in possession of the property and the plaintiff never parted with anything. There was only one breach of the entire contract, if any at all. Bank v. Tracy, 141 Mo. 258; Wagner v. Jacoby, 26 Mo. 532; Railroad & Trans. Co. v. Trauble, 59 Mo. 355; Moran v. Plankinton, 64 Mo. 337; Taylor v. Heitz, 87 Mo. 660; Gilliam v. Wren, 44 Mo. 377; Booge v. Railroad, 33 Mo. 212; Railroad v. Traube, 59 Mo. 363; Taylor v. Heitz, 87 Mo. 660; Och v. Railroad, 130 Mo. 40; Kerr v. Simmons, 9 Mo. App. 376; Soursin v. Salorgne, 14 Mo. App. 486; Skeen v. Springfield Engine & Thresher, 42 Mo. App. 158; Koenig v. Morrison, 44 Mo. App. 411; Lee v. Gratz, 124 Mo. App. 412.

*T. J. Rowe, Thos. J. Rowe, Jr.,* and *Henry Rowe* for respondent.

This is not an action under the landlord and tenant act, but is an action for an installment of rent, which under the terms of the agreement of November 12, 1908, was due to the respondent from the appellant on November 12, 1908. It is a well-settled proposition of law that when payments of money are to be made periodically, separate actions may be maintained in succession for the installments as they mature. Puckett et al. v. National Annuity Assn., 134 Mo. App. 507.

NORTONI, J.—This is a suit for an installment of rent accrued under a written lease. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff owned a building and equipment in St. Louis, occupied and used as a skating rink

and leased the same to defendant by an instrument of writing for a period of six months at a stipulated rental of eighteen hundred dollars, payable in installments of three hundred dollars each on the first day of each and' every month in advance. On November eleventh the parties came to an agreement and executed the lease by affixing their signatures thereto. The term was to commence the following day, November twelfth, and it was agreed that the defendant lessee should meet the plaintiff lessor at the skating rink on the following morning, November twelfth, at nine o'clock, at which time possession of the building, together with the skates and other equipment, would be given to the lessee. At the time agreed upon, plaintiff visited the property, but the defendant failed to appear to take possession. The plaintiff afterwards called upon defendant at his residence and insisted he should take possession of the property and pay the installment of rent then due, but defendant refused to perform his part of the agreement in any respect.

The principal defense put forward in the circuit court was that plaintiff falsely and fraudulently represented the property to defendant and thereby induced him to enter into the contract. Defendant gave testimony to the effect that plaintiff represented the skating rink yielded an income of about twenty-five dollars a day during the week and seventy-five dollars on Sundays, when in truth and in fact its yield was but seven dollars a day during the week and twenty-five dollars on Sundays. The issue was tried before the circuit court, a jury having been waived, and the court found for the plaintiff as though the defendant had failed to sustain his affirmative defense of fraudulent representations. The plaintiff in his testimony insisted that no such representations with respect to the income from the property, were made. There was substantial evidence pro and con on this issue and the matter is, there-

fore, concluded by the finding of the trial court for plaintiff. It will not be reviewed on appeal.

The principal point relied upon for a reversal of the judgment relates to the fact that defendant never entered into possession of the demised premises. It is argued that as defendant never occupied the premises, and as the suit proceeds for an installment of rent under the lease, it may not be sustained for the reason the relation of landlord and tenant does not exist. The relation of landlord and tenant arises from contract, either express or implied, and it is entirely true as a general proposition, that the occupancy of the premises by the tenant is an essential element to sustain it; but such is not essential to a recovery in the case now in judgment, for defendant convenanted to pay the rent sued for, and if the plaintiff was ready, able and willing to perform on his part by giving over possession of the premises, it is sufficient. Where the lessee covenants to pay rent, his liability therefor does not necessarily depend upon the occupation of the premises; for by executing the lease he becomes possessed of an *interesse termini*, which is a valuable right enforceable against the lessor. The interest thus acquired by the lessee is assignable before entry and he may bring ejectment if possession be withheld from him thereafter. The lessee may also, if he chooses to do so, bring an action for damages against the lessor upon the implied agreement to give possession if the lessor fails or refuses to perform his obligation in that behalf. The rights and liabilities of the parties in such circumstances are, of course, mutual, and if enforceable by the lessee against the lessor, they are equally so by the lessor against the lessee. Though the relation of landlord and tenant in the strict sense of the term never arose because of the fact defendant declined and refused to occupy the premises, the covenant to pay the rent reserved is a valid obligation and operates to sustain the action on the theory of a privity of contract, even if there is no privity of

estate. [Beckar v. Flues, 64 N. Y. 518; Brickhead v. Cummins, 33 N. J. L. 44; 18 Am. and Eng. Ency. Law (2 Ed.), 212.] See, also, Hughes v. Hood, 50 Mo. 350. The property demised was in plaintiff's possession and unoccupied at the time in question. Plaintiff was ready, able and willing to perform his part of the contract by placing defendant in full and complete possession thereof and he declined and refused the proffer. In such circumstances, there can be no doubt of plaintiff's right to recover the installment of rent which was stipulated to be due and payable on the first day of the month in advance.

It is next argued that the suit may not be maintained for a single installment of rent. It is said that such a proceeding operates to split the demand, and that if plaintiff is entitled to recover at all, he should have waited until the term had expired and sued for the full amount of rent reserved in the lease, as the contract is an entire one. It is true enough that the law does not permit the splitting of demands; for in the interest of the peace and repose of society it prefers all rights arising out of entire contracts to be litigated at one and the same time. But the rule is without influence in the circumstances of this case. The law favors, too, the freedom of contracts and it is competent for parties to stipulate for periodical payments of money and property. Such valid agreements as are made pertaining to affairs of this kind, the law will countenance and enforce in accord with their spirit and intent. The rule is established beyond controversy that when payments of money are to be made periodically, separate actions may be maintained in succession for the several installments as they mature. However, all sums due when an action is begun, seeking to recover one installment, should be included in the action, as a judgment in such circumstances will bar any further action for the sums then due but not included therein. [Puckett v. Nat'l Annuity Assn., 134 Mo. App. 501, 114 S. W.

1039.] This is unimportant here, however, as there was but one installment of rent due when the present suit was instituted. The stipulation of the lease with respect of the rent in the instance now in judgment is plain and pointed to the effect that it shall be paid in installments of three hundred dollars each in advance, on the first day of each month during the term of six months. Where the parties have so clearly expressed the intention for periodical payments, it is entirely clear that separate suits will lie for each successive installment as it falls due if unpaid after demand. Though the contract is entire in the sense that it purports to establish a term of six months, it is not so in the sense of precluding a separate suit for separate installments of rent as they fall due.

The appeal is without merit and the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.