FIDELITY & DEPOSIT COMPANY OF MARYLAND, RESPONDENT, v. MARCY K. BROWN, JR., ET AL., APPELLANTS.—65 S. W. (2d) 1064.

Kansas City Court of Appeals.   September 11, 1933.

*Winger, Reeder, Barker & Hazard* for respondent; *David R. Derge* of counsel.

*Marcy K. Brown, Jr.,* for appellants.

REYNOLDS, C.—On the 22nd day of August 1924, plaintiff, the respondent, upon the request of the defendants, the appellants, ex-

ecuted a certain forthcoming bond for the defendant, Marcy K. Brown, Jr., in the penal sum of $2253.04, in a replevin suit then and there pending in the circuit court of Jackson County, Missouri, entitled Exchange Finance Company, a corporation, v. Marcy K. Brown, Jr., in which it was sought to recover possession of an automobile from the said Marcy K. Brown, Jr. In consideration of the execution of said forthcoming bond, the appellants executed to the respondent their certain indemnity agreement of said date, by the terms of which it was agreed: First, that the appellants should, in consideration of the premises and of the execution of said bond by respondent, pay to the respondent a premium of $22.53 annually, in advance, as long as liability under said bond should continue and until evidence satisfactory to the company of the termination of such liability should be furnished to it at its home office. Second, that appellants in the event of any loss occurring on said forthcoming bond to respondent would indemnify the respondent from and against any and all liability, loss, costs, damages, attorney's fees, and expenses of whatever kind or nature, which respondent might sustain or incur by reason or in consequence of executing said forthcoming bond as surety for said Marcy K. Brown, Jr.

Judgment was afterwards returned in said cause in which said forthcoming bond was given, entitled Exchange Finance Corporation v. Marcy K. Brown, Jr., against the said Marcy K. Brown, Jr., and respondent as his surety on said bond, in the Circuit Court of Jackson County, Missouri, where said cause was pending and tried, for the sum of $1241.65 and for the interest thereon and costs of suit, which said judgment, after an appeal to and affirmance by this court, the respondent herein, upon demand of the plaintiff therein fully paid off and discharged on the eighteenth day of April, 1929, in the total sum of $1554.30. Respondent demanded of appellants the payment to it by them of said sum; and upon failure of appellants to do so, the respondent, on the thirteenth day of August, 1930, filed its petition in the Circuit Court of Jackson County, Missouri, against the appellants, Marcy K. Brown and Marcy K. Brown, Jr., by which it seeks to recover judgment against appellants for said sum of $1554.30, so paid out by it in discharging said judgment against said Marcy K. Brown, Jr., and respondent, as his surety, basing its right to a recovery upon the indemnity agreement executed to it by the defendants as aforesaid and upon the terms and conditions thereof.

At the time plaintiff filed its petition herein on the thirteenth day of August, 1929, three of the annual payments or premiums of $22.53 each were due the plaintiff and unpaid under said indemnity contract and agreements therein contained for the execution of said forthcoming bond, one of which had become due August 22, 1926, one August 22, 1927, and one August 22, 1928, for which respondent there-

after brought suit before one Ray G. Cowan, a justice of the peace of Kaw township, Jackson county, Missouri, against appellants upon said contract and, on the fifteenth day of March, 1931, recovered judgment before said justice of the peace against appellants in said court on account of the same, with interest in the sum of $82.89 and for costs. Thereafter, on the thirtieth day of March, 1931, the appellants paid off and discharged said judgment in full with interest thereon and costs of suit, amounting in total sum to $87.85. It does not appear that the appellants resisted said suit before said justice of the peace, but on the contrary, failed to appear at the trial and suffered judgment to go against them by default. Upon said judgment and its payment, the appellants filed an amended and supplemental answer in this cause to respondent's petition, pleading therein the judgment so obtained before the said justice of the peace, in bar of any recovery by respondent upon the matters alleged in the petition and alleging further that all matters set forth in respondent's petition, had been fully adjudicated by said judgment and that all matters between the respondent and appellants and all liability of appellants thereon arising out of the said indemnity contract of August 22, 1924, had been fully and finally determined and satisfied by the judgment before the said justice of the peace and the payment thereof and that the petition in that case was the same as the petition in this case, based upon the same contract between the same parties and for the same cause of action and subject-matter and for the same purpose that respondent had split its cause of action and was barred, concluded, and estopped from any recovery herein. Plaintiff filed reply to said amended answer, the same being a general denial.

The trial was before the court without a jury; and, at the conclusion of all the evidence in the case, appellants moved for a judgment upon the record in evidence as introduced by respondent and appellants on the ground that appellants set up a cause constituting a complete defense to respondent's cause of action, which motion the court overruled; and thereupon the respondent requested the court to give declarations of law numbered 1, 2, and 3, as follows:

''1. The court declares the law to be that the action for premiums mentioned in evidence and this action for loss sustained under the bond mentioned in evidence are two separate and distinct causes of action, not dependent on each other.

''2. The court declares the law to be that the defense of a splitting of a cause of action is one which may be waived by the defendant, and therefore declares it to be the law that even if plaintiff herein under the indemnity agreement introduced in evidence had one entire cause of action and split same into the suit for premiums filed in the justice court of Ray G. Cowan and this suit, nevertheless defendants by permitting judgment to be taken against them by default in said suit in justice court while this suit was pending in this court waived

any right they might have had to raise the question that in this action that plaintiff had split its cause of action.

"3. The court declares the law to be that the matters set up by defendants both in their answer and in evidence constitute no defense to the plaintiff's cause of action."

The court gave numbers 1 and 3 and refused number 2 and thereafter rendered judgment for the respondent against appellants in the full sum asked together with interest thereon in the sum of $1814.60 and for costs; and from said judgment, after an unsuccessful motion for a new trial and in arrest of judgment, appellants prosecute this appeal to this court.

The appellants complain of the refusal of the court upon the trial to grant its motion for a directed verdict and of the giving of declarations of law numbered 1 and 3, as requested by the respondent, contending that, upon the admissions and the evidence, the law, and the facts, the respondent has split its cause of action and, having recovered upon a part of its cause of action in one suit before the justice of the peace, after all demands were due, cannot now recover in this suit for another part of the same cause of action.

This controversy, therefore, seems to have narrowed down to the question of whether respondent has split its cause of action against appellants arising out of the indemnity contract and, if so, whether it is barred from a recovery herein by the reason of the judgment before the justice of the peace and its payment, set out in appellant's amended supplemental answer. The facts are hereinbefore set out, as appears from the evidence and admissions of the parties upon the trial.

The law seems to be well settled that a single cause of action or entire claim or demand cannot be split up or divided so as to be made the subject of different actions without the consent of the debtor; that, where several claims payable at different times arise out of the one cause of action, separate actions may be brought as each liability accrues but, where no action is brought until more than one is due, all that are due must be included in one action; and that if an action is brought to recover upon one or more that are due but not upon all that are due, a recovery in such action will be a bar to a second or other action brought to recover one or more of the other claims that were due at the time the first action was brought. [Cunningham v. Union Casualty & Surety Company, 82 Mo. App. 607; Keller v. Olson, 187 Mo. App. 469; Sprinkle v. Fleming Estate, 209 Mo. App. 405; Loyless v. Roberts, 212 Mo. App. 55; Puthoff v. Walker, 213 Mo. App. 228; See v. See, 242 S. W. 949; Railway v. Traube, 59 Mo. 355; Corby v. Taylor, 35 Mo. 447; Bank v. Noonan, 88 Mo. 372; Savings Bank v. Tracy, 141 Mo. 242; Ruddle v. Horine, 34 Mo. App. l. c. 620.]

However, it is not always easy to determine whether, in the particular case under consideration, the cause of action is single and entire or separate. The question must often be determined not by general rules but by reference to the facts and circumstances of the particular case. [1 C. J. 1108.] Where demands arising out of contract are distinct and separate, they give rise to separate causes of action for which separate actions may be maintained. [1 C. J. 1111.] Where there are entirely distinct and separate contracts, each gives rise to a separate cause of action; but it is also true that the same contract may give rise to different causes of action, either by reason of successive breaches thereof or by reason of the different stipulations or provisions of the contract. [1. C. J. 1111-1112; Keller v. Olson, supra.] The appellants proceed upon the theory in this cause and so contend that both the demand for the annual payments or premiums upon which judgment was had before the justice of the peace and the demand in this suit for the satisfaction of the damages sustained by respondent by reason of having executed the forthcoming bond as surety arise out of the same contract; because of the fact that the stipulations and provisions with reference to both the same are incorporated and appear in the original indemnity contract as parts thereof and must, therefore, be considered together as constituting one entire demand and cause of action and contract. It is true that the agreement with reference to each of said matters is incorporated in and set out in the indemnity contract; and each is a part of said contract; yet such agreements relate to different subject-matters and are separately and distinctly stated and each furnishes a basis for a separate and distinct cause of action wholly unrelated to each other and the one in no wise dependent upon the other. The indemnity contract purposely divides in two parts; the first relating solely to the payment of the annual payments and premiums during the continuance of the liability upon the forthcoming bond and the second relating to the indemnity from and against all liability for loss, damage, etc., which respondent might incur by reason of executing said forthcoming bond. One is for compensation for the execution of the bond; and the other is for indemnity against certain matters that might arise upon certain contingencies under the bond. In a suit for the breach of one cause, the other is in nowise involved. Evidence establishing right of recovery for breach of the one would not establish such right in any action upon the other; different evidence is required in an action upon the one from that in an action upon the other. The one agreement for the payment of the premium annually became a fixed liability upon the execution of the bond; and the other for the indemnity against loss and damage was contingent and might never have matured. In our view, each of said provisions or agreements constituted a separate cause of action in itself upon which a sep-

arate suit might be maintained by plaintiff without regard to the other, without violating the rule against the splitting of a cause of action.

It follows, therefore, that the judgment before the justice of the peace, tendered by appellants in their amended and supplemental answer as a bar to respondent's action in this suit did not have such effect and that the court in refusing defendants' motion for a directed verdict and in giving declarations of law numbered one and three for plaintiff upon the trial committed no error.

What has been said disposes of all of the assignments of error made by appellants and in view of the conclusion reached, it is unnecessary to discuss other questions presented in the respondent's brief in support of the action of the trial court. The judgment of the trial court is amply supported by the evidence and is for the right party; and finding no error upon the trial, the judgment should be affirmed, which we accordingly recommend. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.