J. F. Boyd v. R. M. Sloan, Appellant.—71 S. W. (2d) 1065.

Division Two, May 17, 1934.

R. A. *Mooneyham* for appellant.

*Adolph McGee* for respondent.

FITZSIMMONS, C.—The question for decision upon this appeal is the validity of the assignment of a judgment. Plaintiff, J. F. Boyd, as assignee of a judgment in favor of Julius C. Miller and against defendant R. M. Sloan, obtained judgment against defendant Sloan in the Circuit Court of Jasper County reviving the original judgment in the sum of $21,151.58, the balance due. From this judgment of revival defendant appeals and rests his case upon the one proposition that the assignment of the original judgment was void.

Julius C. Miller, who obtained the judgment against defendant Sloan in the Circuit Court of Jasper County, March 25, 1922, died subsequent to the rendition of the judgment. Thereupon Victor J. Miller, executor of Julius C. Miller, deceased, became the owner of the judgment. Plaintiff Boyd, in his petition to revive, alleged that Victor J. Miller, on May 28, 1924, for value duly assigned the judgment to plaintiff, of which assignment, the petition charged, defendant had due notice. The petition also alleged the nonpayment of the judgment except in part to the amount of $679.75. Defendant's demurrer having been overruled, he filed answer admitting that Julius C. Miller, in his lifetime recovered the judgment; that Julius C. Miller died testate, and that Victor J. Miller was duly appointed executor of the last will of Julius C. Miller. The answer denied that plaintiff had legal capacity to maintain the proceedings to revive.

At the trial of the issues, plaintiff Boyd testified that he was the owner of the judgment; that it had been assigned to him for value and that a Mr. Harris had obtained the assignment of the judgment from Miller to plaintiff. Upon objections by defendant that the assignment could not be proved that way, the court ordered the production of the record of the judgment which was offered in evidence together with this entry upon the margin:

"This judgment assigned to J. F. Boyd, trustee, by assignment filed April 11, 1927, and dated May 28, 1924."

The defendant objected to the admission of the marginal entry of assignment for the reason that it was not signed by anyone, nor attested by the clerk; that the entry referred to some other instrument and was not a legal assignment. The court overruled the objection and plaintiff gave evidence tending to prove that the original judgment and interest was unpaid except a credit of $679.75 which was applied upon the principal of the judgment. Defendant offered no evidence.

The plaintiff has not favored us with a brief. Defendant insists that Section 1136, Revised Statutes 1929 (2 Mo. Stat. Ann., p. 1411) is mandatory and that an assignment of a judgment which does not comply with that section is void. The section is as follows:

Section 1136: "Judgments of courts of record and judgments obtained before justices of the peace, for the recovery of money, may be assigned, in writing, by the plaintiff and the assignees thereof, successively, which assignment shall be on or attached to the judgment, and attested by the clerk of the court or justice of the peace, and, when so made and attested, shall vest the title to such judgment in each assignee thereof, successively."

We do not agree with defendant that Section 1136 is mandatory. That section first appeared in the Revised Statutes of 1855, as Section 38 of "an Act Regulating Judgments and Decrees." Prior to that time there was no statutory provision for the assignment of judgments. But before the enactment of the Act of 1855, this court upheld the assignment of judgments upon the same terms and limitations upon which choses in action might be assigned. In Love v. Fairfield, 13 Mo. 301 (1850), this court denied the right of a judgment creditor to assign a part of a judgment because choses in action could not thus be split up. The court in its opinion said: "A judgment so far as its assignable quality is concerned, is like any other chose in action." And again: "Choses in action were not assignable at common law; courts of equity took charge of the interests of the assignee; and then the courts of law were forced to take notice of them."

The principal concern of this court has been and continues to be the protection of the debtor by notice to him of an assignment of a chose in action so that he will not pay the obligation to the assignor after the assignment has been made. This concern is reflected in the case of Price v. Clevenger, 99 Mo. App. 536, 74 S. W. 894. There the Kansas City Court of Appeals in an opinion by SMITH, P. J., involving a common-law state judgment, the assignment of which was not according to statute, thus spoke of some early decisions of this court in cases of assignments of choses in action (74 S. W. 1. c. 896):

"Undoubtedly, the assignment would not have the effect to vest in the assignee a perfect and indefeasible title to the judgment until notice is given to the judgment debtor. [Heath v. Powers, 9 Mo. 775; Murdoch v. Finney, 21 Mo. 138.] But it is said by Judge SCOTT in the last-cited case the law is well settled that, 'as between the assignor and assignee, the equitable right will pass without any notice to the debtor, for the assignor is bound from the moment of the contract.' Until a judgment debtor has notice of the assignment, he will be protected as against the assignee in respect to any payments he may make to the judgment creditor. The former cannot be bound

by the assignment until he have notice of it. As was said in Heath v. Powers, supra: 'We are thrown back upon the equitable principles which govern courts of law in protecting the rights of the assignee of a chose in action, and that principle requires the assignee to give notice of his interests; otherwise a payment to the obligor or a discharge of him will defeat it.' From these considerations it is made to appear that an equitable assignment of a judgment passes a defeasible interest in the judgment, which does not become indefeasible until notice is given to the judgment debtor of such assignment. By the failure to give notice it is the assignee, and not the judgment debtor, whose rights in consequence thereof are put in jeopardy.''

Decisions of this court, delivered since the enactment of present Section 1136, Revised Statutes 1929, hold that the principles of equity still apply to assignments of judgments. These cases also rule that the mode of assignment stated in the statute is cumulative and not exclusive. Therefore if defendant Sloan had notice of the assignment of the judgment, plaintiff Boyd had an indefeasible interest in the judgment as against Sloan, even though the assignment was not according to the mode pointed out by the statute. The entry on the margin of the record of the judgment did not comply with the statute. But it was notice. And the writ of *scire facias*, issued upon plaintiff's petition, was notice. And these were timely notices because defendant did not make any payment on the judgment either to Julius C. Miller or to Victor J. Miller, save an allowed credit of $697.75 given before the assignment. It follows that defendant's contention that Section 1136 is mandatory and the assignment void is without merit.

The cases which rule that the mode of assignment prescribed by the statute is cumulative and not exclusive are Tutt v. Couzins, Garnishee of Walton, 50 Mo. 152, decided in 1872, and Burgess v. Cave, 52 Mo. 43, decided in 1873. In the Tutt case this court said (50 Mo. l. c. 154):

"When the statutory form of making the assignment is pursued, the obvious course is to either write it on the margin of the record, or, if it is written on a separate paper, that paper should be attached to the judgment. It then imparts notice to all parties. But the mode pointed out by the statute is cumulative and not exclusive. A judgment may be assigned like any other chose in action, and the assignee may sue in his own name; but to bind the judgment debtor and those claiming under him, they must necessarily have notice. In the present case the whole record shows that Couzins had full notice, and that question is not raised.''

In the above case, Couzins received the notice which the opinion imputes to him by being summoned as garnishee at the petition of the assignee, just as, in the instant case, defendant received notice

by being summoned by writ of *scire facias* upon the petition of plaintiff.

In the Burgess case, this court said (52 Mo. l. c. 44) : "The statutory mode of assigning judgments . . . is cumulative and does not prevent a party from making an equitable assignment in any other lawful way."

Under the authorities cited and by the logic of those opinions of this court it is clear, first, that present Section 1136 repealed as to judgments the rule of the common law that choses in action were not assignable and, second, that equitable assignments of judgments are as valid today as before the creation of the statutory mode of assignments.

For the reasons stated the judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All the judges concur.