CITIZENS & SOUTHERN NATIONAL
BANK, Appellee,

v.

Bill L. BRUCE and Donald R. Ham,
d/b/a Bruce Properties
Company, Appellants.

No. 76–2114.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 1, 1977.

Decided Sept. 30, 1977.

Chester A. Love and Thomas K. Edelmann of Love, Lacks & McMahon, Clayton, Mo., filed brief for appellants.

Richard C. Freeman, III, Atlanta, Ga., filed brief for appellee.

Before BRIGHT, ROSS, and HENLEY, Circuit Judges.

BRIGHT, Circuit Judge.

Citizens & Southern National Bank (Bank), as assignee of accounts receivable owed by Bill L. Bruce and Donald R. Ham, a partnership doing business as Bruce Properties Company (Bruce), recovered a judgment in district court[1] for the sum of $13,555, plus interest. Contending the district court erred in matters of fact and law, Bruce brings this appeal. We affirm.

This controversy originated in two agreements executed in 1973 between Bruce and Contract Specialists, Inc., a Georgia corporation. Under the terms of those agreements, Contract Specialists agreed to obtain tenants for apartments owned by Bruce in St. Louis, Missouri, and Bruce agreed to pay Contract Specialists, on a monthly basis, a fee for each apartment rented during the prior month. Bruce soon fell behind in its payments. To obtain needed cash, Contract Specialists entered into a factoring arrangement with the Bank, assigning to the Bank its receivables from Bruce, as they arose on each monthly invoice, in exchange for cash,

1. In a bench trial, the Honorable John M. Nangle, United States District Court for the Eastern District of Missouri, made factual findings and conclusions of law adverse to Bruce. The opinion is reported at 420 F.Supp. 795 (E.D.Mo. 1976).

less a three percent discount on the amount of each invoice. On May 28, 1974, the Bank directly notified Bruce of the amount still due and owing on the assigned invoices. When Bruce failed to pay, the Bank brought the present action to recover the balance due. As of the time of trial, the Bank's claim had been adjusted to $13,555, plus interest as of May 31, 1974.

Bruce raised the following defenses at trial and on appeal:

1) That the services performed by Contract Specialists generated a single claim precluding any partial assignment to the Bank without Bruce's consent.

2) That the Bank's claim should be reduced by $9,007.50 for payments made to Contract Specialists before Bruce received notice of the assignments.

The district court properly rejected the first contention:

> The contract specified that payments were to be made monthly. Defendant received monthly bills for the services performed. Under these circumstances, the Court concludes that the claims were separate and that the assignment without defendant's consent was proper. *Cf., Joseph T. Ryerson & Son v. Stark-Inland Mach. Works*, 270 S.W. 715 (Mo.App. 1925); *Fidelity & Deposit Co. of Maryland v. Brown*, 228 Mo.App. 164, 65 S.W.2d 1064 (1933). [420 F.Supp. at 798.]

■ Missouri case law[2] and the evidence presented at trial support the court's determination. Under Missouri law, when an agreement calls for periodic billings and payments, each nonpayment creates a separate cause of action. *Joseph T. Ryerson & Son v. Stark-Inland Mach. Works*, 270 S.W. 715 (Mo.App.1925); *Finnerty v. Hoppe*, 150 Mo.App. 515, 131 S.W. 128 (1910). Each billing by Contract Specialists therefore created a separate claim that could be assigned without Bruce's consent.

■ We turn to the second issue. The district court held, and we agree, that Bruce is not liable to the Bank for amounts paid to Contract Specialists on the assigned accounts prior to May 28, 1974, when it received notice of the assignment. *Price v. Clevenger*, 99 Mo.App. 536, 74 S.W. 894, 896 (1903); see *Boyd v. Sloan*, 335 Mo. 163, 71 S.W.2d 1065 (1934). The Bank does not dispute the fact that Bruce made payments totalling $9,007.50 to Contract Specialists prior to the notice date, but it denies that such payments applied to the invoices herein question.

■ Contract Specialists held accounts receivable from Bruce arising from business unrelated to the contracts at issue here and the disputed payments could have been made on those unrelated accounts. Testimony by officers of Contract Specialists indicated that the invoices in question remained unpaid on its books and that all payments received from Bruce on assigned accounts had been transmitted to the Bank. Contrary testimony presented by appellant Bruce appeared equivocal to the district court. Judge Nangle in his opinion noted:

> The Court must conclude that defendant has failed to establish payments to the assignor, Contract Specialists. The Court found that the $9,007.50 worth of checks did not indicate what they were intended to pay, and that the witnesses were unable to clarify the issue. The Court further found that defendant did business with Contract Specialists, for which payments would be made, which was unrelated to the business involved herein. Under these circumstances, the Court is unable to conclude that the $9,007.50 was payment for moneys owing under the invoices which are the subject of this suit. [420 F.Supp. at 799.]

The district court findings on this issue are well supported by the evidence and its conclusions of law properly follow from those findings.

Finding no error of fact or law in these proceedings, we affirm.

---

2. The district court concluded, and the parties agree, that Missouri law governs this diversity case.